## The County of Palo Alto v. Moncrief.

1. Costs: IN CRIMINAL ACTIONS BEFORE JUSTICE. Where a criminal action was dismissed by a justice of the peace at the time set for trial, because the prosecuting witness failed to appear and prosecute, and the costs were taxed to the State to be paid by the county, it will be presumed, in the absence of an affirmative showing to the contrary, that the discretion of the justice, in not taxing the costs against the prosecuting witness, was properly and legally exercised.

*Appeal from Palo Alto Circuit Court.*

THURSDAY, APRIL 20.

THIS is a proceeding in *certiorari* by which it is sought to correct the judgment of the defendant, a justice of the peace, in a criminal case, wherein he taxed certain costs to the State

to be paid by the plaintiff, the county of Palo Alto. There was a demurrer to the petition, which was sustained, and plaintiff appeals.

*Soper & Crawford*, for appellant.

*Prouty & Garr* and *P. O. Cassidy*, for appellee.

ROTHROCK, J.—I. The amount in controversy being less than one hundred dollars, the Circuit Court has certified to us the following question for determination.

" Where a criminal prosecution is instituted in justice court, charging an offense triable before the justice, and a trial is
1. COSTS: in  had to a jury, who disagree, and at the time set
criminal ac-  for a further trial the case is dismissed by the
tion before
justice.      justice for the reason that the prosecuting witness fails to appear and prosecute the defendant, can the justice legally tax the costs to the State of Iowa to be paid by the county?"

The rule is that the costs in criminal cases, where the prosecution fails, shall be paid by the county. Code, § § 3790, 3806, 3814. The exception, so far as applicable to criminal cases before justices of the peace, is, that "When the defendant is acquitted, the justice shall, if he is satisfied that the prosecution is malicious or without probable cause, tax the costs against the prosecuting witness and render judgment therefor    *    *    * ." Code, § 4691. There is nothing in the foregoing question which would seem to imply that there was an abuse of the discretion of the justice of the peace in failing to tax the costs to the prosecuting witness.

The fact that the case had once been tried to a jury, that failed to agree, would rather imply that there was probable cause for the prosecution. Again, the record nowhere discloses that the failure of the prosecuting witness to appear at the second trial was not for good and sufficient reason, such as sickness or the like. In the absence of an affirmative

showing of an abuse of discretion of the justice, we must presume that it was properly and not illegally exercised.

II.   This disposition of the case upon its merits renders it unnecessary to determine the question whether the writ of *certiorari* should have issued from the District Court.

AFFIRMED.