## THE STATE v. KERNS ET AL.

1. **Criminal Law:** TAXING COSTS TO PROSECUTING WITNESS: APPEAL
   TO DISTRICT COURT: DUTY OF COURT ON APPEAL. Where an appeal is
   taken from the order of a justice of the peace taxing the costs in a crim-
   inal prosecution against the prosecuting witness, the district court is to
   determine simply whether or not the justice abused the discretion which
   the law reposes in him in such cases, and, for the purpose of doing this,
   it must put itself as nearly as possible in the place of the justice, by con-
   sidering the evidence only that was before the justice, as shown by his
   transcript, (corrected if necessary,) and new or additional evidence is
   not admissible.

*Appeal from Story District Court.*

WEDNESDAY, SEPTEMBER 17.

AN information was filed before a justice of the peace by B. F. Pasley against the defendant, charging the latter with the crime of assault and battery. There was a trial before a jury, and the defendant was found *not guilty*, and thereupon the justice taxed the costs to said Pasley as prosecuting witness, and he appealed to the district court. Judgment was rendered against Pasley by the district court, and he appeals.

*Martin & Sellers*, for appellant.

*Smith McPherson*, *Attorney-general*, for the State.

SEEVERS, J.—It is provided by statute that, if, in prosecutions before a justice of the peace, the defendant is acquitted, the justice, if he is satisfied that the prosecution is malicious or without probable cause, shall tax the costs against the prosecuting witness, from which taxation of costs he may appeal to the district court. The justice, if an appeal is taken, must "make out, sign and file in the case a full and true statement of all the testimony admitted on the trial, and on which he bases his finding that the prosecution was mali- cious or without probable cause, and without delay make a

transcript of his docket entries, and shall file it, together with the statement of the testimony as aforesaid, and all other papers on file in the case, in the clerk's office of the district court of the county.     *     *     Said court shall have full power to compel the correction by said justice of any error made apparent in his transcript, said statement of the testimony, or in any papers returned by him; or may itself make the necessary correction therein, and may, on the papers, in case they shall be submitted to it, either affirm or reverse the judgment of the justice, or render such judgment as the justice should have rendered in the case." Code, § 4691.

Under this statute, the justice is undoubtedly invested with a discretion, and his conclusion cannot be reversed by the district court, unless the justice has abused the discretion with which he is invested. *Palo Alto County v. Moncrief*, 58 Iowa, 131. The statute has been materially changed since *The State v. Roney*, 37 Iowa, 30, was determined.

The statute contemplates that the district court should be informed of the facts—that is, the evidence and all the circumstances as they appeared before the justice; and should then determine whether the justice has abused the discretion reposed in him. Hence, ample power is given the court to correct the justice's transcript and his statement of the evidence, and, when this has been done, then the court may, upon the record thus corrected, render such a judgment as the justice should have rendered. It is true, the case gets into the district court by appeal, but the proceeding is more in the nature of a writ of error than an appeal, for the reason that the judgment is to be corrected by an inspection of the corrected record. If there was to be a re-trial, that is, new evidence introduced, in the district court, the provision for the correction of the statement of the evidence made by the justice would be unnecessary and useless. Again, if new evidence can be introduced in the district court, and a new case made, how can the court determine whether the justice abused his discretion or not?

The intention of the statute, so to speak, is, that the district court shall stand in the shoes of the justice, and determine the case from the same standpoint.

We do not have before us the transcript of the justice or his statement of the evidence, nor does it appear that the appellant sought to have the transcript or the statement of the evidence corrected. The appellant, however, sought to introduce evidence tending to show that the prosecuting witness, prior to filing the information, had stated the facts to an attorney at law, and was by him advised that the defendant was guilty of the crime charged in the information. This evidence was rejected. We are unable to say certainly, from the record, whether evidence of a similar character was introduced before the justice or not, but we think that the appellant sought, by the introduction of evidence, to make a new case. That is to say, he sought, by the introduction of evidence not introduced before the justice, to have the court to determine, as an original question, that the prosecution was not malicious, and was not commenced without probable cause, and thus to have the finding of the justice reversed. This, under the statute, cannot be done.

AFFIRMED.