## TAYLOR v. ROCKWELL.

1. PRACTICE: WRIT OF ERROR. The District Court will not review the finding of a justice of the peace on an issue of fact, on a writ of error.

2. SAME: APPEAL. A party aggrieved by a final decision of a justice of the peace, can have the same tried *de novo* in the District Court on appeal.

*Appeal from Monroe District Court.*

SATURDAY, OCTOBER 6.

THE plaintiff brought an action of replevin before a justice of the peace, to recover the possession of a two-horse wagon taken by the defendant, as sheriff, by virtue of a levy under an execution against the plaintiff. The justice rendered a judgment in favor of the plaintiff. The defendant removed the cause to the District Court by writ of error, where the judgment of the justice was affirmed. From this judgment the defendant appeals to this court.

*Perry & Dashill* for the appellant.

*Kelsey & Kelsey,* and *Hammond* for the appellees.

BALDWIN, J.—The appellant in his application to the District Court for a writ of error, as cause therefor, avers that the justice erred in rendering a judgment against him upon the testimony in the case. From the bill of exceptions, we find that the District Court affirmed the judgment of the justice, upon the ground that upon the error assigned a writ of error was not the proper remedy; that if the appellant was aggrieved by the finding of the justice, upon the evidence, his only remedy was by appeal. The appellant claims that as the evidence introduced upon the trial was all properly before the District Court, and as there was no conflict of testimony, that the finding of the justice was purely a question of law and not of fact, and the object of the writ was to determine whether the justice properly applied the law under a conceded state of facts. It is further claimed by the appellant that the District Court has the same power to review the finding of a justice upon writ of error that the Supreme Court has to review the decisions of the District Court upon questions of fact tried by such court.

The law provides that when a party is aggrieved by the final decision of a justice he may appeal to the District

Court, and upon such appeal he can have a trial *de novo* upon the merits of his case. No such right is granted where a party appeals from the judgment of a District Court. The Supreme Court can only review the rulings of the District Court upon questions of law.

There were in this case several questions of fact to be determined by the justice upon the evidence introduced. Was the plaintiff the head of a family? Was he a farmer or teamster? Was the wagon levied upon the only one owned by the plaintiff? Did he use it before such levy for the purpose of aiding him in making a living?

There was no special finding upon any of these questions. The justice found generally, and for the plaintiff. Were these questions thus determined questions of law, or of fact? We think the District Court ruled correctly in holding that if these questions were to be tried over again in the District Court, that plaintiff had a right to a hearing again upon the merits of his cause, and this right could be had only upon appeal.

As the other question presented by appellant was not passed upon by the District Court it can not be considered by this court.

Judgment affirmed.