WILLIAM HOPPE, Defendant in Error, *v.* DEWITTE C. STONE, Plaintiff in Error.

*Practice — Supreme Court — Error.*—Where no motion for new trial or in arrest of judgment is filed, upon an appeal or writ of error, the Supreme Court can only notice such errors as are apparent upon the face of the record.

*Error to Henry County Circuit Court.*

In April, 1862, plaintiff instituted suit in the Henry Circuit Court against defendant. The petition was as follows :

"Plaintiff states that the defendant owes him $41.70 for work done and materials furnished by plaintiff for defendant at his request, and for goods sold said defendant. Plaintiff further states that defendant owes him $258.90 for materials, tools and articles taken and work demanded and required to be rendered of plaintiff by defendant, and by persons and men under defendant's command and governed by his directions, whereby plaintiff was greatly damaged. The articles, items and particulars of all which will appear more clearly by an account herewith filed and made a part of the petition. Plaintiff asks judgment, &c."

An account was filed with the petition. There was no affidavit annexed to this account and statement, nor was there any evidence that the same was ever served. A summons issued April 18, 1862, returnable to May term. Service was made April 23d, by leaving a copy of the petition and writ at defendant's usual place of abode. On 30th December, 1863, plaintiff sued out an attachment.

*Wright, Burge,* and *Phillips,* for plaintiff in error.

The court should have sustained defendant's motion to set aside the judgment for irregularity. It is irregular in several particulars. 1. It is a judgment by default after appearance and demurrer; it should have been upon the demurrer, or by *nil dicit.* 2. The attachment was unauthorized by law and a nullity, and therefore it was irregular to render a judgment that special execution issue against the

attached property. The judgment should have been general, as if the pretended attachment had not issued—R. C. 1855, p. 250, § 42, and p. 256, § 61.

HOLMES, Judge, delivered the opinion of the court.

This suit was commenced by summons duly served on the defendant. Pending the suit an attachment was sued out, upon an affidavit and bond being filed. A motion having been made to quash the attachment for the insufficiency of the affidavit and bond, the plaintiff had leave to file a new affidavit and bond, and the cause proceeded. The defendant appeared and demurred to the petition for a misjoinder of causes of action, and his demurrer was overruled. The defendant failing to file an answer, there was a default and an inquiry of damages, and a final judgment was rendered against him for the amount of the plaintiff's demand. The judgment was both special and general, and a special *fieri facias* was sued out, and the property attached was sold to satisfy the judgment. No exceptions appear to have been taken to the action of the court in relation to the proceedings in attachment, and no motion for a new trial was filed. But some two years after the judgment was rendered, the defendant appears and files a motion to quash the attachment and to set aside the judgment for irregularity. After this lapse of time, it was too late to make a motion to quash the attachment; nor could a motion to set aside the judgment for irregularity be of any avail. The things complained of are rather matter of error than irregularity. There being no motion for a new trial, nor in arrest of judgment, we cannot notice here any other errors than those appearing on the face of the record, and being such as can be raised by a writ of error or an appeal.

It is insisted that the demurrer should have been sustained. The objection that the petition united causes of action and trespass and matter of contract is rather critical than substantial. It was essentially a petition on the common counts for work and labor done, and materials and articles

furnished, or sold and delivered. The petition is somewhat informally drawn, but it does not contain any count in trespass, and was not fatally bad on demurrer.

The attachment that was issued and sustained, as well as the judgment that was rendered, would seem to have been fully warranted by the provisions of the statute—R. C. 1855, p. 250, § 42, and p. 242, § 13. It is not made to appear by the face of the record that the judgment was either irregular or erroneous. The default and final judgment were entered up together on one judgment. It appears by the record to have been rendered upon an inquiry of damages and for the amount of damages assessed. The defendant had not taken leave to file an answer, and did not appear. He must be held to have waived all objection, and we may take it to have been both an interlocutory and a final judgment merged in one—McClurg v. Hurst, 37 Mo. 194.

No ground appearing to justify a reversal, the judgment will be affirmed. The other judges concur.