Lane & Wilson v. Goldsmith.

---

LANE & WILSON v. GOLDSMITH.

1. Writ of error: TO A JUSTICE OF THE PEACE. It is the return of the justice to the writ of error that forms the basis upon which the District Court must act, and. not the affidavit for the writ; and when the return completely negatives the errors alleged in the affidavit, the writ will not be sustained.

2. Practice: WAIVER OF ERROR. An erroneous ruling in the exclusion of testimony cannot be made available where the party in whose favor it is made waives the benefit thereof before any further proceedings in the case.

3. Writ of error: FINAL DECISION OF JUSTICE. A writ of error will not lie to the final decision of a justice, upon the evidence, though erroneous. Appeal is the proper remedy.

4. Appeal bond: JUSTICE MAY REQUIRE SURETY TO JUSTIFY. A justice of the peace may refuse to accept the surety on an appeal bond, unless he will justify that he is worth the required amount, over and above his liabilities and property exempt from execution.

*Appeal from Henry District Court.*

WEDNESDAY, JULY 31.

THE defendant sued these plaintiffs before a justice of the peace upon a note, and recovered judgment thereon. These plaintiffs commenced this proceeding for a writ of error to the justice. The affidavit for the writ sets out the errors complained of, as shown in the opinion. The District Court reversed the judgment of the justice and

dismissed the cause. The defendant herein, who was the plaintiff before the justice, appeals.

*H. & R. Ambler* for the appellant.

*A. H. Bereman* and *Withrow & Wright* for the appellees.

COLE, J. — I. The first error alleged, is as to the refusal of the justice to permit the defendants in the action before him, to cross-examine, as to a certain matter, the plaintiff therein, who had been sworn and testified in his own behalf. The matters as set forth in the affidavit for the writ, may show error in the action of the justice. But the affidavit is for the purpose of procuring the writ; and it is the return to the writ that forms the basis upon which the court must act. *Stone* v. *Murphy*, 2 Iowa, 35; *Rhodes* v. *De Bow*, 5 Id. 260, and *Vance* v. *Kirfman*, 20 Id. 13. The return of the justice shows that the "attorney for the defendants therein was allowed to cross-examine the said plaintiff, Goldsmith, freely and fully in reference to the whole transaction and the whole of his evidence as given in chief." This return then negatives completely the error as alleged in the affidavit, and the plaintiffs herein, have not sustained their claim of error in this particular.

1. WRIT OF ERROR: to a justice of the peace.

II. The second ground of error as alleged in the affidavit, was as to the refusal by the justice to require the plaintiff to testify as a witness for the defendants in the action before the justice. The return by the justice to the writ, shows that after the plaintiff had closed his testimony and rested, the defendants asked to put the plaintiff on the stand as their witness. The counsel for the plaintiff objected, and the justice ruled, that if a witness refuses to be examined, he must be subpœnaed and his fees paid, if demanded.

2. PRACTICE: waiver of error.

To this ruling the defendants excepted, and their attorney was proceeding to write out a bill of exceptions, when the plaintiff's attorney, before any thing else was done, waived his objection and the benefit of the ruling, and offered to let the defendants examine the plaintiff, in chief, as a witness. The defendants' attorney "refused to examine the witness, saying, 'no favors, this is good enough' (referring to his exception)." If there was error in this ruling, the abandonment of it by the plaintiff before any thing further was done cured the error; and, if defendants were prejudiced from not examining the plaintiff as a witness, it was their own fault, and of it they cannot successfully complain. Rev. § 3056; *Anson* v. *Dwight*, 18 Iowa, 241.

III. The third error alleged in the affidavit is based upon a bill of exceptions, annexed to the justice's amended return. The bill of exceptions purports to set out all of the evidence given before the justice, and states that thereon the justice decided against the defendants, and rendered final judgment accordingly, to which they excepted.

3. WRIT OF ER-
ROR: final de-
cision of jus-
tice.

Our statute, in relation to writs of error to justices of the peace, provides, that "any person aggrieved by an erroneous decision *in a matter of law*," etc., may remove the same by writ of error. Rev. § 3938 (2349). It is also provided, that "any person aggrieved by the *final judgment* of a justice may appeal," etc. Rev. § 3917 (2328). It is clear, from the very language of these sections, that the plaintiffs in this proceeding have mistaken their remedy upon this point. If the justice decided erroneously upon the evidence, the only remedy is by appeal; a writ of error cannot be sustained in such case. *Taylor* v. *Rockwell*, 10 Iowa, 530.

IV. The last point made by the affidavit for the writ of error is, that the defendants in the original action

**4. APPEAL BOND: justice may require surety to justify.** sought to take an appeal, but the justice refused to accept the surety and approve the bond.

The return of the justice shows that the said defendants gave notice of appeal, and obtained an appeal bond; that they asked him (the justice) if he would take Richard Lane as surety; that George Lane, one of the defendants, offered to swear that Richard Lane was worth the penalty of the bond, over and above his debts and exempt property, but that Richard Lane did not offer to sign the bond, or swear to the value of his property; and that he distinctly stated he would accept said Richard Lane, if he would justify, but said Lane did not, and no other security was offered. There was no error in this action of the justice. He had the right to require the affidavit of the surety himself. So has every ministerial officer. Rev. § 4125.

The judgment of the District Court will, therefore, be reversed, and remanded with directions to affirm the action and judgment of the justice of the peace, and remand the cause, with instructions to permit the plaintiff to proceed the same as if no writ of error had been sued out.

Reversed.