## The State v. Roney.

**Appeal: IN CRIMINAL PROCEEDINGS.** A prosecuting witness, who has been adjudged by a justice of the peace to pay the costs of prosecution, may, in the name of the State, appeal from the judgment of the justice to the district court.

*Appeal from Scott District Court.*

### FRIDAY, JUNE 20.

THIS proceeding was originally commenced before a justice of the peace by Wm. S. Arnold filing an information accusing the defendant, Arthur Roney, of the crime of assault and battery committed by said Roney on the person of said Arnold. Upon the trial the justice rendered the following judgment: " The court finds the defendant not guilty. It is ordered by the court that the complainant, Wm. S. Arnold, pay the costs of this prosecution, there being no sufficient cause for this prosecution. It is therefore considered by the court that Wm. S. Arnold pay the costs herein taxed at $50.25, and that execution issue therefor." The case was then appealed to the district court by the prosecuting witness, Wm. S. Arnold, who also filed an appeal bond, which was duly approved, and the transcript was then made and filed by the justice of the peace.

In the district court there was a motion filed to dismiss the appeal for the following reasons: " The testimony upon which the justice rendered judgment against the prosecuting witness is not certified to this court, nor is there any showing

that the order of the justice was erroneous, or that there was an abuse of discretion. No jurisdiction is conferred upon this court to try said question." This motion was sustained and the appeal was dismissed. The case is now appealed to this court.

*Foster & Gabbert* for the appellant.

No appearance for the appellee.

COLE, J. — The section of our statute, under which the justice of the peace rendered the judgment against the prosecuting witness, is as follows: " Section 5086. When the defendant is acquitted the justice shall, if he is satisfied that the prosecution is malicious or without probable cause, tax the costs against the prosecuting witness and render judgment therefor." The finding by the justice that there was " no sufficient cause for this prosecution " was, in effect, finding that it was without probable cause, and if such finding was correct it afforded a just and legal basis for the order and judgment of the justice. · But if such finding was incorrect in fact, and was contrary to the evidence in the case, is the prosecuting witness without remedy; is he wholly remediless against a judgment (suppose it be wrongful,) by which he is compelled not only to pay a sum of money, but which may be used as conclusive evidence against him of the want of probable cause, in case he should be sued by the defendant in the criminal case for malicious prosecution? Surely he ought not to be without remedy, and it would be a reproach to our law if he is.

If there is any remedy against an erroneous or wrongful judgment in such case, it must be either by writ of *certiorari*, writ of error, or appeal. The former only lies where the tribunal to which it is directed is exceeding its proper jurisdiction or otherwise acting or proceeding illegally. Rev., § 3487. But we have seen that under our statute, the justice had jurisdiction to make the order and render the judgment; and if

he was only mistaken upon the weight or sufficiency of the evidence, such mistake could only be an error of judgment, and would not come within the meaning of the term " acting illegally." The writ of *certiorari* is never used to correct a mere error, but only to test the jurisdiction of the tribunal and the legality of its action. No remedy, therefore, could be afforded against such judgment by means of the writ of *certiorari.*

Neither could such party have any remedy upon a writ of error. Such a writ can only be used to correct errors of law; or, to use the words of our statute, " an erroneous decision in a matter of law." Rev., § 3938. A writ of error cannot be used to review the finding of a justice of the peace on an issue of fact. *Taylor* v. *Rockwell,* 10 Iowa, 530; *Lane & Wilson* v. *Goldsmith,* 23 id. 240. These cases directly so decide. The error of the justice in this case, if any, was in his finding on the issue of fact, that there was no sufficient cause for the prosecution. This being so, it is clear that no remedy to the prosecutor could be afforded against the judgment, even if it is wrongful, by a writ of error.

If there is any remedy for a prosecutor in a criminal cause, against a wrongful judgment that he pay the costs of prosecution, it must be by an appeal. Does our statute afford him this remedy? It is provided respecting trials in criminal cases, cognizable before a justice of the peace, like the case whereon this appeal arises: Sec. 5094. "Either party may appeal from the judgment to the district court of the county, at the term which commences not less than fifteen days after the day on which the appeal is taken; the State, in the same manner as the defendant." It was held by this court in *The State* v. *Tail,* 22 Iowa, 140, that to entitle the State to appeal, under this statute, it is not necessary to show prejudice, any more than it is for the defendant in the exercise of the same right, and that the right of appeal by the State existed. And in the case of *The State* v. *Van Horton,* 26 Iowa, 402, where it was held that this section of the statute was unconstitutional, in so far as it authorized the re-trial of an accused in the dis-

trict court, when he had been acquitted upon a trial before the justice, yet the invalidity of the section was limited to that portion authorizing a re-trial of a defendant once acquitted, or so as to affect the penalty against him. That the State might appeal for other purposes, and to correct other errors, was expressly stated. An appeal may then be taken in such cases.

But it is suggested upon the abstract that the appeal in this case was taken by the prosecuting witness, William S. Arnold, for that the judgment was against him. It may be conceded that he is interested in the appeal, and that he alone has caused the appeal to be taken. Yet it must be remembered that he alone instituted the action or prosecution in the name of the State by filing the information ; and, if he may thus begin a prosecution, may he not also, no objection by the State being made, continue it ? Our view of the case on this appeal is, that the statute upon which it is grounded is remedial, and must be liberally construed ; and for the purpose of effectuating justice, the appeal is to be regarded and treated as an appeal by the State, for the purpose of correcting errors in fact or law, if any there be, in the judgment of the justice. It is not an appeal by the prosecuting witness, but an appeal by the State in a criminal case, and hence properly taken to the district court.

A further objection to this view is urged, grounded upon the idea that the prosecuting witness, in the name of the State, may make different and very much stronger proof against the defendant on the retrial of the case in the district court than was made before the justice, and thus avoid liability, although the judgment may have been correct as renderd by the justice upon the testimony before him. This may be granted, for it is always and alike true in every appeal ; it is the very purpose and object of an appeal, and it should no more defeat the right in this case than in any other. It is quite true that the appeal and retrial of the cause, as against the defendant, cannot affect his acquittal, but it may correct a very unjust judgment or verify the correctness of a just one. Whatever may be the result, a fair opportunity for vindicating the right ought not to be denied for a trivial or technical reason.     Reversed.