ALEXANDER H. AYRES v. LITTLETON S. CRUM.

PRACTICE; *District Court; Petition in Error.* Where an action has been tried before a justice of the peace and a judgment rendered for the plaintiff, and no motion made for a new trial, the district court cannot upon a petition in error re-examine the evidence introduced on the trial before the justice for the purpose of determining whether the judgment rendered by the justice is sustained by sufficient evidence or not.

*Error from Labette District Court.*

CRUM, as plaintiff, obtained judgment against *Ayres* before a justice for $21.80 debt and $2.50 costs. On petition in error

the district court, at the November Term 1872, affirmed the judgment. *Ayres* brings the case here on error.

*Ayres & Fox*, for plaintiff in error:

1. Crum's claim was for services rendered by him as deputy-sheriff; and he could only recover his fees by statute as deputy-sheriff, and the claim recovered is a mere extortion. But the services actually rendered were in serving papers in a case in which plaintiff in error was not a party, but only an attorney. Hence he was not liable. But there was no proof that the charge of $12 "for four days' service," was grounded on fact, necessity, nor reason, but it is on its face a mere invention, for use in a home court.

2. Upon the proof, it consisted of a single uncontroverted sentence of the plaintiff below, that defendant below said to him either upon the *delivery* or the *return* of the papers, "I will see you paid." As matter of law, this does not show a promise *before* the service. Crum, the party charged by law with knowledge, could not on his oath say that the promise was before the services. Is he to ask the court to say so? He dare only say, that it was on the *return*, and is he to ask the court to say more? The court can neither furnish fact nor conscience. It declares the law. Now the promise not being shown to have been *before* the service, it is a *nude pact* at common law, independent of the statutes of frauds.

3. The promise proven was made by one of the attorneys through whom the costs and expenses of the action were to be adjusted. The expression proven is, upon its face, that of a surety to a principal debtor, and a promise to answer for the debt of the parties. The debt against the client subsisted. There was no agreement to accept the attorneys, or release the clients, even had the promise been made before the service.

*F. A. Bettis*, for defendant in error:

1. There is no force in the first assignment of error, that "as plaintiff in error was a member of a firm, and the cause

of action was the contract of the firm, judgment should have been given against Ayres for half only." The statute makes all contracts several. Gen. Stat., ch. 21, § 1.

2. The second assignment of error is, "that the plaintiff did not prove a *prima facie* case before the justice." So much of the evidence as appears to have been preserved, (although irregular,) certainly proves the cause of action as alleged. It is true that when the services were performed, Crum was a deputy-sheriff, but the law does not therefore preclude him from the transaction of private business; and the bill of exceptions before the justice does not establish that he performed the services as deputy-sheriff.

3. The so-called bill of exceptions taken before the justice is of no force in this proceeding. The exception shown was made to the final judgment of the justice. Where there is a trial by jury in a justice's court, exceptions may be taken to the rulings of the justice *during* the trial; (Justices act, § 212.) No exception is necessary or warranted to a final judgment; (4 Kas., 339.) And hence for all practical purposes an exception to a final judgment is inoperative. The evidence can only be saved by bill of exceptions.

The only manner in which the objection that the evidence does not support the verdict can be made available, is by a motion for a new trial, and on exception, if the court should overrule the motion. From frequent decisions this has become axiomatic in Kansas. No motion for a new trial was made before the justice; nor would the justice have been authorized by law to entertain such motion. There was no jury, and it is only upon the *verdict* of a jury that a motion for a new trial can be made in that court; (Laws 1869, ch. 60.) And the reason is obvious. To render such a motion intelligible where the cause was tried by the court, the justice must have made written findings of fact and law, as in the district court. This would be asking too much of justices of the peace, who are usually men unlearned in the law, and its practical operation would be the reversal of the major part

of the judgments of such inferior courts upon purely technical grounds.

4. The law gives no method of bringing the questions at bar from justices courts to the district court except by appeal. Such is the evident intent of the statute, and a common-sense view of the matter, and such are the decisions in Iowa and Illinois, and probably other states. 10 Iowa, 530; 1 Scam., 165, 169, 330; 39 Mo., 378.

The opinion of the court was delivered by

VALENTINE, J.: This action was commenced originally in a justice's court. Judgment was there rendered in favor of the defendant in error, plaintiff in the justice's court, and against Ayres, the defendant in the justice's court. Ayres removed the case to the district ·court on petition in error, where the judgment of the justice was affirmed; and now as plaintiff in error Ayres brings the case to this court.

It is claimed that the district court erred in affirming the judgment of the justice; and it is also claimed that the justice erred in rendering the judgment he did upon the evidence introduced at the trial before him. That is, it is claimed that the evidence introduced at the trial is not sufficient, and does not sustain the judgment rendered by the justice. These are the only rulings of either court complained of. The trial in the justice's court was before the justice alone, and he found generally for the plaintiff and against the defendant, and rendered his judgment accordingly. The defendant (now plaintiff in error,) excepted to the judgment, but did not ask the court to make special findings of either fact or law, and·made no motion for a new trial. The exception to the judgment was the only manner in which the defendant raised any question as to the sufficiency of the evidence; and no question was raised in any form or at any time as to the relevancy or competency of any particular portion of the evidence. Under these circumstances is there anything for us to review? We think not. This question has already been decided in this court. *Major v. Major*, 2 Kas., 337, 338,

339. (See also as having some application to this case, *Taylor v. Rockwell*, 10 Iowa, 530; *Swafford v. Dovenor*, 1 Scammon, (Ill.) 165, and same volume, 169, 330; *Hopp v. Stone*, 39 Mo., 378.

When a case is tried before a justice of the peace upon the evidence it is tried in the same manner as it would be tried if it were tried before a jury, and the findings of the justice are entitled to the same respect as those of a jury. Therefore, where a case is tried before a justice, if the justice is bound to render just such a judgment as ought to be rendered upon the evidence, whatever his findings of fact might be, then, where a case is tried before a jury, the court would also be bound to render just such a judgment as ought to be rendered upon the evidence, whatever the findings of the jury might be. That is, the court would be bound to wholly ignore the findings of the jury, and to render the proper judgment upon the evidence. The court could not grant a new trial in such a case, but would be bound to render a judgment, and to render just such a judgment as the evidence would warrant, whatever the findings of the jury might be. We cannot think that this is the law.

It is our opinion that no court can wholly ignore the findings of fact, whether made by court, referee or jury. And no court can re-examine the evidence for the purpose of determining whether such findings are sustained by sufficient evidence, except for the purpose of granting a new trial. And therefore, if no new trial is asked for, no such re-examination can be had. If the re-examination of the evidence should be for the purpose of determining what the judgment should be, then the re-examination of the evidence would really be a re-trial of the case upon its merits. And where the case had been tried by a jury it would be an infringement by the court upon the province of the jury.

We do not wish to be understood as deciding in this case that a new trial may be granted in a justice's court on the ground that the findings of the court or jury are not sustained by sufficient evidence; and neither do we wish to be
18 —13 KAS.

understood as deciding that a justice is bound to make special findings of fact when requested to do so by either party. It may be that no new trial can be granted in a justice's court for such a reason, and it may be that a justice is bound only to find generally for one or the other of the parties; and it may be that where such finding and the judgment are not sustained by sufficient evidence, the only remedy of the party aggrieved is by appeal. (See *Taylor v. Rockwell*, 10 Iowa, 530.) We certainly think he has no remedy by petition in error, if he has not even asked that a new trial should be granted, or that special findings should be made; and this is all that we now decide.

The judgment of the court below must be affirmed.

All the Justices concurring.