STRICKER v. HOLTZ.

1. **Appeal**: DISMISSAL. Where a cause is dismissed because of the non-appearance of the plaintiff, and judgment is rendered against him for costs, an appeal will not lie from such judgment.

*Appeal from Kossuth Circuit Court.*

FRIDAY, DECEMBER 13.

ACTION upon a promissory note brought before a justice of the peace. On the return day the defendant, at the hour set for trial, appeared, but the plaintiff did not. Thereupon the justice dismissed the action, and made an entry in the following words:

"The plaintiff did not appear, nor any one for him. The defendant appeared in person. I waited one hour, but the plaintiff not appearing I dismissed the action for want of

appearance of the plaintiff, and taxed the costs against the plaintiff; and judgment is hereby rendered against the plaintiff for costs, taxed at twenty-six dollars and seventy-five cents."

The plaintiff appealed to the Circuit Court, and in the Circuit Court the defendant filed a motion to dismiss, in these words:

"The defendant moves to dismiss this cause for the following reasons:

"1.   There was no judgment from which an appeal will lie.

"2.   There was no question either of law or fact presented to the court below for decision.

"3.   The cause was dismissed in the court below for want of appearance of plaintiff, and the record shows that the plaintiff made no effort in that court to have the cause reopened or to excuse his default.

"4.   The judgment for costs was given by reason of the non-appearance of the plaintiff to prosecute, and the record shows that the plaintiff made no effort in the court below to have the judgment set aside, to have the costs retaxed, or to excuse his default.

"5.   Plaintiff has not exhausted his remedy in the court below, nor has he given the court below an opportunity to pass upon the matters of his appeal.

"6.   If the plaintiff had put himself in position to demand relief from this court his remedy would be by writ of error and not by appeal."

. On the same day the plaintiff filed his affidavit to the effect that the note sued on was filed with the justice at the time of the commencement of the action, and was on file on the day set for trial.   The court sustained the motion to dismiss, to which the plaintiff excepted, and he now appeals.

*Geo. E. Clarke*, for appellant.

*A. L. Hudson*, for appellee.

Simpson Centenary College v. Bryan.

ADAMS, J.—If the decision does not affect the plaintiff's right to recover in another action it is not final, and the error of the justice is reviewable upon writ of error and not upon appeal. *Belding v. Torrence*, 39 Iowa, 516. In that case there was a dismissal for want of jurisdiction, but the same principle is involved as in the case at bar. The appellant insists that there was at least a final judgment for costs. But costs are a mere incident to the decision. The judgment, the finality of which gives a right of appeal, must be a determination of some question affecting the merits of the controversy, or some portion of it. In *Griffin v. Moss*, 3 Iowa, 262, it was held that an appeal would lie from an order of a justice dismissing an action, but in that case judgment was rendered against the plaintiff for fifty dollars and fifty-five cents *damages*, as well as costs.

<span style="margin-left:2em">1. APPEAL: dismissal.</span>

In dismissing the plaintiff's appeal in the case at bar we think the Circuit Court did not err.

AFFIRMED.