## LOGAN v. SAMSEL.

Procedure : ON WRIT OF ERROR : FINAL JUDGMENT. Where, in an action in a justice's court, there was judgment against plaintiff on a counter-claim, but it was set aside on plaintiff's motion, and defendant sued out a writ of error thereon,—whether the court, in sustaining the writ of error, properly rendered final judgment for the defendant, instead of sending the case back to the justice for further proceedings, depends upon circumstances which are not shown by the record, and so the action of the court in so doing must be affirmed. The fact that the plaintiff, after the writ of error had been sued out, perfected an appeal to the same court, which was pending therein when the writ of error was adjudicated, was not proper to be considered.

*Appeal from Buena Vista District Court.*—HON. GEO. H. CARR, Judge.

FILED, MARCH 9, 1888.

THIS action originated before a justice of the peace, where there was a judgment in favor of the defendant, upon a counter-claim. On the plaintiff's application, the judgment was set aside. The defendant sued out a writ of error from the district court, which, upon a hearing, was sustained. The court entered a judgment affirming the original judgment entered by the justice of the peace. Plaintiff appeals.

*Sweeley & Slocum* and *I. W. Bane*, for appellant.

*Robinson & Milchrist*, for appellee.

ROTHROCK, J.—The amount in controversy is less than one hundred dollars, and the appeal comes to us upon the following certificate of the trial judge: "Where a judgment has been rendered against the plaintiff in an action before a justice of the peace, and the justice sustains a motion of plaintiff, filed under section 3543 of the Code, and the defendant sues out a writ of error from the district court, alleging in his affidavit therefor that the justice erred in sustaining said motion ; and where, upon hearing in the district court, the writ of error is sustained, and it appearing of record that subsequent to the suing out of said writ of error, and within twenty days from the rendition of the said judgment by said justice, the plaintiff had filed his appeal bond, and perfected his appeal of said case to the district court, and it was pending therein for trial, has the defendant the right to elect whether he will have the case returned to the justice for further proceedings, or have final judgment entered in his favor in the district court at the time of the ruling upon the writ of error? And did the court err in sustaining the judgment of the justice of the peace, and rendering final judgment thereon?" It does not appear from the certificate upon what ground the district court sustained the writ of error. The presumption must be entertained that it was for the reason that the judgment originally rendered by the justice of the peace was valid, and that the plaintiff had no right to have it set aside or annulled. If so, it would seem to follow that final judgment should be rendered in the district court. It is impossible to determine from the certificate whether the court erred in rendering final judgment. There may be cases where such a judgment should not be rendered, and where the successful party on the hearing on the writ of error would have no right to demand that judgment be rendered in the district court; and again, there may be cases,—as where there appears to be no further right to a trial,—where the successful party would have such right; and, for aught

that appears in this certificate, this is just such a case. We do not think the fact that plaintiff appealed after he succeeded in having the judgment set aside is of controlling importance in the case. He made his election as to his remedy against the judgment, and at his application it was set aside. The question presented to the court on the writ of error involved the correctness of that determination of the case. He had no right in that proceeding to seek an adjudication of his right to an appeal from the original judgment. So far as we are advised from the certificate, we think the district court correctly determined the case.

AFFIRMED.

ROBINSON, J., having been of counsel in the case, takes no part in the decision of this case.