C. B. ANTHES v. B. T. BOOSER AND ULLMAN & COMPANY, Appellant.

**Review by District Court:** APPEAL AND WRIT OF ERROR. A question as to whether there was sufficient evidence to warrant a judgment by a justice of the peace cannot be reviewed on writ of error in the district court, as the only remedy is by appeal.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

 FRIDAY, DECEMBER 21, 1900.

PLAINTIFF brought an action against the defendants before a justice of the peace on a sight draft drawn on Ullman & Co. by B. T. Booser. Ullman & Co. answered, denying indebtedness to the plaintiff and denying Booser's authority to draw on them. On the issue made the case was tried by the justice, and judgment rendered against the defendants; whereupon Ullman & Co. removed the case to the district court by writ of error. The district court "denied and dismissed" the writ. Ullman & Co. appeal.—*Affirmed.*

*John L. Benbow* for appellants.

No appearance for appellee.

SHERWIN, J.—Plaintiff introduced evidence tending to show that B. T. Booser was, and had been for some time before he drew the draft in question, a traveling salesman for the appellants, and that he had repeatedly before that time advanced Booser money, which had been repaid by Ullman & Co.; that he advanced the money at the time in question on Booser's representation that he wanted to go to Burling-

ton to continue soliciting orders for said firm. No evidence was offered by defendants, and at the close of plaintiff's case a motion by appellants was made to dismiss, for the reason that there was no evidence to show liability on the part of Ullman & Co., and that it did not appear from the evidence that Ullman & Co. was indebted to plaintiff in any sum. The appellants contend that the overruling of this motion was wrong, and that it may be reviewed on writ of error. Counsel says in his argument: "The case at bar presents purely a legal question, whether there is any evidence tending to, and sufficient to, establish liability of appellants." We think the cases cited by counsel do not support his contention. In *Griffin v. Moss,* 3 Iowa, 262, the justice found that defendant had not had legal notice, and that the attachment was not legally served. A judgment was thereupon rendered against the plaintiff for $50.55 damages, and costs. The plaintiff appealed to the district court, and on motion the appeal was dismissed by the district court. This was held error, and that an appeal was the proper procedure from a final judgment. *Stricker v. Holtz,* 50 Iowa, 291, was a case which was dismissed by the justice because the plaintiff did not appear on return day. It is held that this was not such judgment as affected plaintiff's right to recover in another action, and was not final; and for that reason a writ of error would lie, but not an appeal. In *Belding v. Torrence,* 39 Iowa, 516, the defendants appeared before the justice, and showed that they were residents of another county. This was not disputed, and the case was dismissed. Plaintiff appealed to the circuit court. There defendants' motion to dismiss, because an appeal was not the proper remedy, was sustained. It is held that, the facts not being disputed, it was purely a question of law as to the court's jurisdiction, and that a writ of error was the only remedy. In *Lorber v. Connor,* 82 Iowa, 740, Stark was an intervener, and his petition was stricken from the files on motion. Connor afterwards appealed from

a final judgment rendered against him by the justice. Stark joined in the appeal, and as to him it was dismissed by the district court. This ruling was sustained, because the action of the justice in striking his petition from the files bore no relation to the judgment from which the appeal was taken, and that Stark's remedy, if any, was by writ of error. *Logan v. Samsel,* 74 Iowa, 87, does not touch the question before us. In *Taylor v. Rockwell,* 10 Iowa, 530, the action was replevin. The plaintiff recovered judgment before the justice, and the case was taken to the district court by writ of error, the basis of which was that the justice erred in rendering judgment against the defendant "upon the testimony in the case." The district court affirmed the case, on the ground that a writ of error was not the proper remedy. This is held correct, because the questions sought to be reviewed were of fact simply. There is no support for appellant's position in this case. Following the case of *Taylor v. Rockwell,* it is expressly held in *Lane v. Goldsmith,* 23 Iowa, 240, that, "if the justice" decides "erroneously upon evidence, the only remedy is by appeal; a writ of error cannot be sustained in such case." The same rule is followed in *Lease v. Franklin,* 84 Iowa, 413, where it is said: "A writ of error cannot be used to review the findings of a justice in an issue of fact." The complaint argued in this case is that there was not sufficient evidence to warrant the judgment rendered by the justice. As we have said, this question cannot be reviewed on writ of error. The judgment of the district court was right, and is AFFIRMED.