JOHN SIMMONS, Appellee, v. CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY, Appellant.

**Appeal:** REVIEW OF PROCEEDINGS BEFORE A JUSTICE. The supreme
1 court on appeal from the district court will not review, directly, proceedings had in the justice court where the case originated.

**Same.** Where a justice made no ruling except to enter judgment
2 after trial on the merits, an appeal and not a writ of error is the proper remedy.

**Writ of error:** DISMISSAL. A district court on dismissing a writ
3 of error to a justice has no authority to enter a final judgment in the case.

*Appeal from Fremont District Court.*— HON. W. R.
GREEN, Judge.

SATURDAY, JUNE 10, 1905.

PLAINTIFF commenced his action before a justice of the peace of Fremont county to recover of the defendant the sum of $22.50, alleged to be due on account of the unused portion of a certain railroad ticket purchased by him of the defendant. The defendant appeared, and answered, denying generally, and also setting up affirmative matters of defense. Trial was had, the evidence introduced being confined to depositions of witnesses taken in writing, and fact stipulations, also in writing. The result was a judgment in favor of plaintiff for the sum demanded. Thereupon defendant sued out a writ of error to the district court. In its affidavit therefor it is asserted — without attempting on our part to particularize — that the justice erred in rendering judgment in favor of plaintiff, for that such judgment was contrary to the evidence introduced on the trial, and contrary to the law applica-

ble to the case. The justice made full return to the writ, and included therewith the depositions and fact stipulations used as evidence on the trial. The abstract before us makes it appear that following this, and on January 19, 1904, " the writ of error was submitted to the court, and on the 30th of January, final judgment was rendered by the court in favor of appellee and against appellant for $22.50 and costs, to which the defendant excepted." It is from the action thus taken that the defendant prosecutes this appeal.— *Reversed.*

*H. J. Nelson* and *T. S. Stevens,* for appellant.

*R. C. Campbell,* for appellee.

BISHOP, J.— The record is more or less confused, and we have had some difficulty in ascertaining therefrom the exact situation of affairs. Counsel for appellant present in argument a statement of errors committed by the district court, and these are: First, that the court erred in holding that the justice of the peace had jurisdiction of the subject-matter of the action; second, that the justice did not in fact have jurisdiction of the subject-matter of the action pending before him, and his judgment was not only an error of law, but was in conflict with the evidence; third, that the district court erred in holding that it did not have jurisdiction to try the case upon writ of error; fourth, the court erred in dismissing the writ of error and rendering judgment against defendant.

As to the first contention, it is sufficient to say that the record does not disclose a holding such as appellant complains of, unless it can be said by indirection that the entry of judgment amounts to such a holding. To the judgment, and the effect thereof, we will give consideration presently.

The contention next in order seems to have relation

solely to the character and effect of the proceedings and errors occurring therein, as the same took place before the justice. Manifestly, we may not consider the matter thus presented. The statute does not authorize us to sit in direct review of proceedings had before a justice of the peace.

Passing to the third matter of contention, it is to be said here also that the pages of the record do not disclose a holding such as appellant complains of.

It is asserted in the remaining statement made by appellant that the court dismissed the writ of error, and we may infer the truth of the assertion from the fact that it is conceded in argument on both sides, and, further, from the fact that judgment was rendered against the defendant. Now, if it could be said that an order of dismissal was properly before us for review, we should be disposed to hold that there was no error. As far as appears, the justice made no ruling except to enter judgment after trial upon the merits. If aggrieved, the remedy of defendant was by appeal. *Anthes v. Booser,* 112 Iowa, 511.

We do not understand, however, upon what theory the district court entered judgment against the defendant. If it be true that the writ of error was dismissed, there is no rule of law under which the court could retain the case for the purpose of entering judgment involving the merits of the action. The effect of the dismissal of the writ was to confirm in all respects the authority of the justice to act, and the regularity of his proceedings, including the entry by him of judgment. And the effect of the entry of judgment in the district court was to give plaintiff, having but one cause of action, an independent judgment in each court. So considered, the error of the district court becomes manifest: The cases in which final judgment may be rendered in the district court, as contemplated by section 4576 of the Code, are those in which the writ of error has been sustained, and in such cases only where no trial is necessary to a complete determination of the case. *Swan v. Bournes,*

47 Iowa, 501; *Bartle v. Plane,* 68 Iowa, 227.   Admittedly, the writ was not sustained in the instant case, and this is made further apparent from the fact that the judgment of the district court is identical with that entered by the justice.

It follows that the judgment entered against the defendant in the district court must be and it is *reversed.*