A. A. DOOLITTLE & CO. v. D. C. PORTER, Appellant.

**Justices of the peace:** WRIT OF ERROR.   Where a justice makes a special finding of facts, to which no exception is taken, the only question for his determination is whether as a matter of law there is a right of recovery under the established facts, and this question may be reviewed in the district court by writ of error.

*Appeal from Cedar Rapids Superior Court.*—HON. J. H. ROTHROCK, Judge.

WEDNESDAY, JANUARY 12, 1910.

THE opinion states the case.—*Reversed.*

*L. M. Kratz,* for appellant.

*Crissman, Linville & Churchill,* for appellee.

SHERWIN, J.—The plaintiffs are real estate agents, and brought this action in justice court to recover of the de-

fendant $25 alleged to be due as commission on a real estate exchange between the defendant and one Platner. It appeared that they produced Platner, who entered into a written contract with the defendant for an exchange of properties. Platner agreed to furnish an abstract showing good title to the property that he was to convey, and that he would do so not later than the 21st day of March, 1908. The justice specially found that the contract between defendant and Platner was never carried out because Platner was unable to furnish an abstract showing good title to his property, and did not attempt to do so. The justice further specially found that the defendant was in no way to blame for a failure to carry out the contract of exchange, but that such failure was due to the fault of Platner as above indicated. After making these special findings, and based thereon, the justice found as a matter of law that the defendant was liable for the commission because the plaintiffs were not responsible for Platner's failure, and he gave the plaintiffs a judgment against the defendant for $25 and costs. Thereupon the plaintiffs remitted one cent of their claim so that an appeal could not be taken from the judgment. Defendant within the proper time sued out a writ of error, which was dismissed by the district court, on the plaintiff's motion, on the ground that the error complained of related to the finding on a question of fact, not a question of law, and to the final decision of the justice on a question of fact.

Code, section 4569, provides that "any person aggrieved by an erroneous decision in a matter of law or other illegality in the proceedings of a justice of the peace may . . . remove the same . . . for correction into the court to which an appeal from such justice might be taken." This court has uniformly held that a writ of error will not lie, under the above statute, from a decision of a justice in which the determination of fact questions is involved. Thus in the early case of *Taylor v. Rockwell,* 10 Iowa, 530, it

was said: "There were in this case several questions of fact to be determined by the justice upon the evidence introduced. Was the plaintiff the head of a family? Was he a farmer or teamster? Was the wagon levied upon the only one owned by the plaintiff? Did he use it before such levy for the purpose of aiding him in making a living? There was no special finding upon any of these questions. The justice found generally, and for the plaintiff. Were these questions thus determined questions of law, or of fact? We think the district court ruled correctly in holding that, if these questions were to be tried over again in the district court, plaintiff had a right to a hearing again upon the merits of his cause, and this right could be had only upon appeal."

The writ in the case just quoted from clearly sought to have reviewed a determination of fact questions, and the holding was that such review could only be had upon appeal, and it will be noticed, also, that the decision is based partly upon the ground that there was no special finding of fact or application of law which would permit a writ under the statute. In *Lane & Wilson v. Goldsmith,* 23 Iowa, 240, there was also an attempt to review a fact finding by writ of error, and it was said: "If the justice decided erroneously upon the evidence, the only remedy is by appeal; a writ of error can not be sustained in such case." So, also, in *Lease v. Franklin,* 84 Iowa, 413, it was sought to review the finding of a justice as to exempt property. There was a conflict in the evidence and no special finding, and it was said: "The certificate shows only that the question of exemption of the property is to be determined from the evidence, both oral and by affidavit. Such a question is not one of law, but of fact. Proofs are not essential to the determination of questions of law. Questions of law arise upon facts, established or assumed." In *Anthes v. Booser,* 112 Iowa, 511, some of the prior decisions of this court were noticed, and it was there said:

"The complaint argued in this case is that there was not sufficient evidence to warrant the judgment rendered by the justice." And it was held that a question of fact could not be reviewed on writ of error. *Simmons v. Railway Co.,* 128 Iowa, 306, is in line with the other cases heretofore cited.

The exact situation here must be kept in mind. The justice made special findings to which there was no exception. Indeed, his findings of fact were in accord with the appellant's contention, and, so far as the record shows, there was no dispute over the facts so found. The special finding of facts must therefore be accepted as a verity, having the same effect, so far as our present investigation is concerned, as an agreed statement of facts. And such being the case, the only question for the justice to determine was whether, the facts being conceded, the law created liability on the part of the defendant. He thus had for decision a legal question only, and the statute expressly says that a writ of error shall be allowed when a person has been aggrieved by an erroneous decision in a matter of law. And we think there can be no serious question as to the defendant's right to have the decision of the justice in this case reviewed on writ of error. There was no question of fact for the district court to determine. The only question brought to it by the writ was whether on a conceded state of facts, or upon special findings of fact to which no exception had been taken, the plaintiffs were as a matter of law entitled to recover. Such a situation is suggested as a proper foundation for a writ in *Taylor v. Rockwell* and *Lease v. Franklin, supra.* We find direct support, in principle, for our holding here, in *Belding v. Torrence,* 39 Iowa, 516. That was an action commenced before a justice of the peace and an appeal taken from a judgment. Upon the day set for trial the defendant moved to dismiss because he was a resident of another county. The motion was overruled. It was held that the correct-

ness of the ruling could not be reviewed on appeal, and it was said: "The fact of the residence of defendant in Mahaska County was not disputed. The questions before the justice of the peace then were those of law and not of fact, viz., whether the justice before whom the suit was brought acquired jurisdiction of the defendant's person by the notice, or whether his appearance and taking a change of venue conferred jurisdiction."

In *Zaleski v. Clark,* 45 Conn. 405, it was held that questions of law arising upon a special finding of fact were reviewable on writ of error. And such is also the holding of the Supreme Court of the United States. *United States v. Eliason,* 16 Pet. 291 (10 L. Ed. 968); *Stimpson v. Baltimore, etc., R. Co.,* 10 How. 329 (13 L. Ed. 441). And see, also, *Old Colony R. Co. v. Wilder,* 137 Mass. 537.

There was error in dismissing the writ, and the order must be, and it is, *reversed.*