SPAHN & ROSE LUMBER COMPANY, Appellee, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

APPEAL AND ERROR: Incompetent Evidence on Competently Established Fact. Harmless error results from the reception of incompetent evidence of a fact fully established by competent evidence.

JUSTICES OF THE PEACE: Writ of Error—Scope. Sufficiency of evidence to sustain a judgment in justice court may not be

reviewed on writ of error, either by the district court or by the Supreme Court on appeal from rulings on the writ by the district court.

*Appeal from Bremer District Court.*—M. F. Edwards, Judge.

April 1, 1918.

Rehearing Denied June 24, 1918.

Action for damages for shortage in the quantity of coal shipped to the plaintiff and delivered to it by the defendant. There was a trial before a justice of the peace, and a judgment of $11.55. A writ of error was sued out to the district court, which affirmed the justice and certified the case to this court.

*F. W. Sargent, Dawson & Wehrmacher,* and *J. H. Johnson,* for appellant.

*Sager & Sweet,* for appellee.

Evans J.—The alleged shortage in the weight of the car of coal shipped to the plaintiff was 4,200 pounds. The coal was shipped by the consignor from Kentucky to the plaintiff, as consignee, at Cedar Rapids. The car was invoiced to the plaintiff at 81,400 pounds of coal. It actually weighed 77,200 pounds. The principal error alleged for our consideration is that there was no competent evidence before the justice as to the original weight of the car at the time of its consignment. For the purpose of proving such weights, the plaintiff introduced in evidence its invoice. Objection was made to the competency thereof, and a motion to strike on the same ground. While the question was under the consideration of the justice, the plaintiff testified, as a witness, that it paid to the defendant, as the delivering carrier, freight charges on 81,400 pounds. This was in accord with the invoice. Presumptively, the defendant railway

1. Appeal and error: incompetent evidence on competently established fact.

company based its collection of the freight charge upon the bill of lading. Clearly, the bill of lading would have been admissible. The fact that the delivering carrier demanded and received of the consignee the freight charge on 81,400 pounds was, itself, presumptive evidence that such was the amount of coal delivered to the initial carrier. The admission of the invoice in evidence was, therefore, harmless.

It is further urged that there was not sufficient evidence that all the coal that was contained in the car when it arrived at Cedar Rapids was actually weighed by the plaintiff. Sprecher, the manager of the plaintiff, testified that he personally attended to the weighing. For that purpose the car was unloaded into wagons, and the contents were hauled three or four blocks to the scales. The time employed in making such transfer was two days. It is earnestly argued that there was no evidence to show that none of the coal was overlooked or lost or stolen. The evidence on the question was brief and without details. It is, of course, always possible that coal may be lost or stolen from a car. That is always an appropriate matter for the consideration of the court or jury, in the trial of such question. It is not necessary, as a matter of law, that such a question shall be dealt with negatively or in detail. The case was in the district court on writ of error only. The sufficiency of the evidence was not subject to its review, nor is it subject to ours. *Anthes v. Booser*, 112 Iowa 511. The writ was properly dismissed in the district court.—*Affirmed.*

**2. JUSTICES OF THE PEACE: writ of error: scope.**

.PRESTON, C. J., LADD and SALINGER, JJ., concur.