A. F. YARCHO, Appellee, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

**JUSTICES OF THE PEACE:** Judgment Lacking in Vital Support.
1 Writ of error will lie to review a judgment which is based wholly on irrelevant and incompetent testimony, or which is lacking in support *as to some vital fact.*

**EVIDENCE:** Ex-Parte Affidavits, Etc. An ex-parte affidavit, and
2 an unsworn and unsigned statement of account concerning alleged damages to a shipment of goods, are wholly inadmissible.

**JUSTICES OF THE PEACE:** Affidavit—Sufficiency. An affidavit
3 for a writ of error is too indefinite to authorize a review of rulings receiving testimony which is contained in a deposition, when such affidavit simply contains the statement "that the justice erred in refusing to sustain defendant's motion to strike certain testimony, and erred in admitting certain testimony contained in a deposition."

**APPEAL AND ERROR:** Reception of Incompetent Testimony. Prej-
4 udice from receiving incompetent testimony is not cured by admitting incompetent evidence over due objection.

**CARRIERS:** Presumption From Good Condition. Goods delivered
5 to a carrier in undamaged condition are presumed to remain in that condition. Claimant for damages must break this presumption by a showing of bad condition *at the time the carrier parts with the goods,* not at a time when a drayman, to whom the carrier had delivered them, parts with the goods—the damage being such that no retrospective presumptions could be indulged.

*Appeal from Bremer District Court.*—M. F. EDWARDS, Judge.

JUNE 24, 1918.

A justice of the peace gave the plaintiff judgment for damages to a shipment delivered by him to the defendant railroad, and which, it is alleged, reached the consignee in

bad condition. On writ of error, the district court affirmed the judgment of the justice, and defendant appeals.—*Reversed and remanded.*

*F. W. Sargent, Dawson & Wehrmacher,* and *J. H. Johnson,* for appellant.

*Sager & Sweet,* for appellee.

SALINGER, J.—I. An ex-parte affidavit, tending to show that the eggs shipped were in damaged condition when they reached their destination, and an unsigned statement of account sent by the consignee to the shipper, which also contains a recital that the shipment was damaged on arrival, were admitted, despite apt objection, and the ruling duly excepted to.

1. JUSTICES OF THE PEACE: judgment lacking in vital support.

The main argument of appellee is that the reception of these may not be reviewed on writ of error, because of the rule that a conclusion of a justice of the peace on the facts may not be reviewed on writ of error. We admit the rule, but deny its relevancy at this point. Though there will be no review on writ of error where the ultimate decision does no more than solve a question of fact, it does not follow the writ will not lie to investigate whether there was error in taking testimony upon which the ultimate decision rests. We may not review a verdict which has any evidence to sustain it. *Harter v. Harter,* 181 Iowa 1181. But no one will claim we may not review whether there was error in taking testimony upon which the verdict was reached. The limitation upon the right to review a fact finding is not a limitation upon inquiring into the competency of testimony upon which such finding rests. If the rule invoked by appellee gives him absolution for having adduced improper testimony, the erroneous dealing with testimony could never be reviewed by writ of error, though all agree that such review is a function of this writ. For,

if the testimony taken or excluded were immaterial, review would be denied because there was no prejudice. And if it were so material as to be the whole basis of judgment, there would still be no review, because the final conclusion of the justice on the facts is not reviewable on the writ. Suffice it to say, at this time, that, though a conclusion of fact on part of the justice may be reviewed on appeal only, such rule does not block review, on writ of error, of whether there was error in making up the foundation for his conclusion.

II.   Coming now to whether error was committed, we find that no justification of this action of the justice of the peace is attempted, beyond pointing out that plaintiff testifies these papers were "records" which

2. EVIDENCE:
ex-parte
affidavits, etc.

he had "received on the shipment," and that these papers were turned over to the "railroad company." It is not suggested to us why this case presents an exception to the rule that affidavits may not be received because no opportunity for cross-examination is afforded. This affidavit is no more admissible than would be a statement by a witness that affiant had said to the witness what this affidavit recites. The unsworn and unsigned statement of account sent by the consignee to the shipper is manifestly in no better case than is said affidavit. The only justification attempted for its reception is by testimony of plaintiff: (1) That, after the egg buyers would receive the eggs at New York, "they would check up with the firm, and if there was any damage to that shipment, it would be reported to the dealer." (2) That Van Ronk testified by deposition, "I could give you the exact way they were signed for at the railroad," and added, in effect, that there was done as to this particular shipment what is sanctioned by a custom which he describes as follows: "We send down for a shipment of eggs, and anything that shows external damages is opened

and looked at with our man and the inspector employed by the railroad." Van Ronk admits he was not present if a representative of the consignee had a conference with any representative of the carrier regarding this shipment—and no agent of the carrier had a conference with witness regarding this shipment. There is also testimony that the consignee and the shipper have, by their conduct, agreed on how much the shipment was damaged. Despite all this, both exhibits were incompetent and wholly inadmissible. Unless the record exhibits some curing of this error, the district court should have sustained the writ of error.

2-a.

If it is cured, it is by the deposition of Van Ronk, which was before the district court. The appellee contends that any testimony in such deposition which might be claimed to cure the error in receiving the affidavit

**3. JUSTICES OF THE PEACE: affidavit: sufficiency.**

and the statement of account cannot be reviewed here, because "no sufficient assignment of error was made in the affidavit for the writ to warrant a review of such question by the district court." So far as sustaining the writ of error because of erroneous reception of testimony found in this deposition is concerned, we must hold, with the appellee, that the application for the writ of error is too indefinite to warrant such review. All there is, is a statement that the justice of the peace "erred in refusing to sustain the defendant's motion to strike as to certain parts of the testimony offered by the plaintiff * * * also erred in matters of law in the admission of certain testimony of Eugene H. Van Ronk, said testimony being in the form of a deposition; also erred

**4. APPEAL AND ERROR: reception of incompetent testimony.**

in overruling defendant's motion to strike out certain parts of the testimony" of said Van Ronk. But error is presumed from the erroneous reception of said affidavit and said statement of account. While we may not review the rul-

ings on the reception of testimony found in said deposition, it is our duty to investigate the record, to determine whether the error was cured. *Heiman v. Felder,* 178 Iowa 740; *Jacobs v. City of Cedar Rapids,* 181 Iowa 407. If the only testimony in the deposition which can have a tendency to cure the error in receiving said other papers is incompetent, and was taken though properly objected to, then, though writ of error will not be sustained because of such rulings, such incompetent testimony will not accomplish that the reception of the affidavit and the statement of account was without prejudice. In other words, prejudice from receiving improper testimony is not cured by admitting incompetent evidence duly objected to, even though no affirmative relief may be had on account of the reception of said incompetent matter. We think the "cure" is in that condition. It consists of testimony of Van Ronk which, as a whole, shows clearly that he is not speaking from personal knowledge, and relies on some "record" made by his shipping clerk; that, though some of the language of Van Ronk seems to assert personal knowledge, the whole of his testimony makes clear that he is, in fact, speaking to inference and deduction from said "record" made by his clerk, and from the alleged custom, to which reference has heretofore been made in this opinion. The error in receiving said two papers is not shown to have been without prejudice.

III. But there is a question in the case on which the rule which appellee invokes is relevant. The writ of error complains the justice erred in overruling the motion of defendant to dismiss plaintiff's suit, because there was an entire absence of evidence to support such suit. The concrete point is, there is no evidence that the eggs were damaged when the carrier delivered same to the consignee. We are constrained to agree there is no such evidence. The shipment was delivered by the terminal carrier to a dray-

5. CARRIERS: presumption from good condition.

man in the employ of consignee.   Even if the affidavit and
the statement of account and the deposition are assumed
to show damage at some time, and if it be assumed there is
testimony that the eggs were broken and damaged when
the drayman delivered them to his employer, still there is
no evidence of their condition when delivery was made to
the drayman.   An application of the presumption of con-
tinuity has made a rule that, if goods are shipped in sound
condition, and the carrier delivers them in a damaged state,
that something done during transit has caused the damage.
But the presumption that a state of things once shown to
exist continues, is equally available to the carrier.   *Stone
v. Chicago, R. I. & P. R. Co.,* 149 Iowa 240.   The applica-
tion of this presumption for the carrier brings about that
goods shipped in sound condition remained sound at the
time when the carrier delivered them.   Wherefore, some
evidence that the shipment was damaged when delivered is
absolutely essential to a recovery here.   Assume that, when
the drayman delivered, the eggs were cracked, broken, and
stained, and it furnishes nothing to overcome the presump-
tion that the eggs were sound at the time when delivered
to the drayman; for presumptions are ordinarily not retro-
spective.   Cases may be imagined wherein the finding of
stains would operate retrospectively, because some time was
necessary to create such stain.   But that is not available
here.   The only stain upon eggs that could be due to the
negligence of anyone would be made by cracking the shells,
and we have no right to assume for the party having the
burden of proof that the carrier, rather than the drayman,
did the cracking.   There is no evidence of injury at the
time when the carrier delivered.   The sole question remain-
ing is, then, whether the judgment of a justice of the peace,
awarding the plaintiff damages though the evidence is in
this condition, can be reviewed on appeal, only.   We are
of opinion that this case presents a judgment which is with-

out support in a vital matter; that here is, in effect, a case of "no evidence." In *Spahn & Rose Lbr. Co. v. Chicago, R. I. & P. R. Co.*, 183 Iowa 1141, we plainly imply that, though sufficiency of evidence may not be inquired into upon the writ, this has no application to a case where the record exhibits an entire lack of evidence to support the judgment. And the law certainly recognizes no difference between a case of literal absence of testimony, and evidence consisting wholly of what the prevailing party has no right to have. Surely, if plaintiff made claim before a justice of the peace that defendant owed him on oral agreement to repay money loaned, and defendant made default, and plaintiff offered *no* evidence, judgment for the plaintiff would be reviewable on writ of error. It would not be a case of erroneous weighing of evidence, but would present the law question whether the law gave right to *any* judgment for plaintiff. Now, surely, if, instead of judgment without any evidence, the judgment rest wholly on testimony that plaintiff had red hair, giving judgment would be just as much an error of law as to give it without any evidence. As it seems to us. *Doolittle & Co. v. Porter*, 145 Iowa 385, is decisive for appellant. The case goes into a full review of the class of cases upon which the appellee relies, and makes clear that appeal is the sole remedy only where there is a claim that, on the weight of the evidence, or on resolving conflicts in the same, the judgment should not have been what it is; that it applies only in cases where, in truth, it is the "sufficiency" of the evidence to warrant judgment of the justice that is presented on writ of error. It holds further that, where the only question is what judgment should be rendered on a conceded state of the facts, or on a special finding to which no exception has been taken, then a matter of law arises, and with it a right to have review on the writ. This is but an amplification of the elementary rule that an application like a motion to direct verdict, or any

other form of demurrer to the evidence, is not a presenta-
tion of sufficiency of the evidence to sustain a verdict, but
presents that one party or the other is entitled to judgment,
as matter of law.   Appellee asserts the *Doolittle* case turns
wholly on the fact that the justice made special findings of
fact to which no exceptions were taken, and because there-
upon he held that defendant was liable, as matter of law.
While that was the state of the record in the *Doolittle* case,
its decision is not that its rule applies only where such state
of the record exists.   In manifest effect, the underlying
principle of the case is that, whenever it appears in any
way that, as matter of law, the evidence will not sustain the
judgment, then review may be had on writ of error.

In the instant case, everything done before the justice
was competently before the district court.   To be sure,
that was so in *Taylor v. Rockwell*, 10 Iowa 530, 531, and in
*Lane & Wilson v. Goldsmith*, 23 Iowa 240.   It is also true
that, in the *Taylor* case, the claim was made that review on
writ of error was due because all the record was before the
district court, and exhibited no conflict.   So the question
now before us might well have been determined in the *Tay-
lor* case, and possibly in the *Lane* case.   But it was not
done.   Neither case passes upon what right to review is
given because all the record is before the court and no con-
flict appears in evidence.   And both merely affirm the gen-
eral rule that appeal is the sole means of reviewing a de-
cision of a question of fact.   *Anthes v. Booser*, 112 Iowa
511, re-affirms this general rule.   *Lease v. Franklin*, 84 Iowa
413, and *Simmons v. Chicago, B. & Q. R. Co.*, 128 Iowa 306,
hold, in effect, that the judgment of the justice will not be
reviewed on writ of error, where there is a conflict in the
testimony.   *State v. Roney*, 37 Iowa 30, is that the statutes
are in such condition as that a prosecuting witness who has
been adjudged by a justice to pay the costs of prosecution,

has no remedy save to appeal from such judgment in the name of the state.

None of these hold that, where testimony is erroneously received, and there is nothing but such testimony, or where plaintiff has no evidence on the vitals, the one who suffers judgment because of such testimony may not have review on writ of error. On the other hand, the case to which we have called attention rightly holds that, in a case like the one we have, such review lies.

We think the motion to dismiss presents a law question, and not the decision of a question of fact. It follows the overruling of this motion should have been reviewed, and the writ sustained on this point, also.

The judgment must be reversed, and the cause is remanded for judgment in accord with this opinion.—*Reversed and remanded.*

PRESTON, C. J., LADD and EVANS, JJ., concur.