COOPER v. MILLER, <i>et al.</i>

1. APPEARANCE. The decree of the District Court recited that the cause came on for hearing, " in the presence of counsel, both for plaintiff and defendants, &c." *Held*, that it was sufficient to show an appearance by all of the defendants.
2. JUDGMENT. The character of a judgment entry in foreclosure discussed.

*Appeal from Powesheik District Court.*

SATURDAY, OCTOBER 6.

FORECLOSURE of a mortgage. The material facts are sta-
ted in the opinion of the court.

*Seevers, Williams & Seevers* for the appellant.

*M. E. Cutts* for the appellee.

BALDWIN, J.—The plaintiff in his petition seeks to fore-
close a certain mortgage given to him by defendants, Miller
and wife, and to cut off the equity of redemption of the
other defendants, who were subsequent purchasers. The
appellants assign as error the final judgment of the court,
which is represented as a personal judgment against each of
said defendants; whereas, only the said J. S. Miller was
liable for the amount claimed. The appellants also claim
that Kemper, one of said defendants, had never been served
with any notice of the proceeding against him by plaintiff,
and that the court erred in rendering a decree against him
without such service. In the decree of the court it is reci-
ted " that this cause coming before the court in presence of
counsel both for plaintiff and defendants, &c." We think
this is sufficient to show an appearance of all of the defend-
ants.

The decree recites the substance of the mortgage and the
amount due upon the notes given by said Miller to plaintiff.
It is then declared by the court in said decree, " that upon
an examination of what was alleged in the pleadings and
other papers in said cause, and hearing the proofs advanced,
and so forth, this court doth find that there is now due said
S. F. Cooper, on said notes, the sum of $1,164, and said
court doth think fit and order that plaintiff have judgment
for said amount, and that a special execution issue for the
collection of said amount, to be served by a levy upon the
premises aforesaid, and that the same be sold to satisfy said
judgment with interest and costs." It is then ordered that
the equity of redemption of the defendants be cut off as
well as that of all persons claiming under them, &c.

We can not regard this as a personal judgment, against any except the maker of the note. There is no general execution directed to issue against either of the defendants, in case the property mortgaged should not sell for sufficient to pay the amount of said note, interest and costs, nor a personal judgment against any of the defendants, naming them. As the plaintiff, however, releases David Kemper from said judgment and decree, and the rest of defendants, except Miller and wife, from the effect of any personal judgment against them, it will be ordered that a personal judgment be rendered in this court against the defendant, Miller, for the amount secured by the said mortgage, and a decree foreclosing the interest of defendants, Miller and wife, Buckingham, Griffith, Vest and Shipley, in the said mortgaged premises.

Judgment affirmed.