PELLERSELLS v. ALLEN ET AL.

1. **Judgment:** SUPERSEDEAS: REPLEVIN.   Where property attached was released by a justice of the peace as exempt, on motion therefor, it was held that such decision was conclusive as to the defendants' right to the property until reversed, and that he might maintain replevin therefor if again seized by the plaintiff, although the latter had sued out a writ of error from the decision of the justice but had filed no supersedeas bond.

*Appeal from Sac District Court.*

FRIDAY, OCTOBER 21.

ACTION to recover specific personal property.   The alleged ground of detention was that one of the defendants had levied upon and taken the property into his possession under and by virtue of an execution against the plaintiff, who claimed the property was exempt from execution.   Trial by jury.   Verdict and judgment for plaintiff, and defendants appeal.

*Charles D. Goldsmith,* for appellants.

*Davis & Ellwood,* for appellee.

SEEVERS, J.—I.   The defendant Allen commenced an ac-
tion before a justice of the peace against the plaintiff, in which
1. JUDGMENT: an attachment was sued out and the property in
supersedeas:
replevin.        controversy attached, on the 19th day of Novem-
ber, 1880.   In said action the present plaintiff filed a motion
under § 3018 of the Code to discharge the property because
it was exempt from execution.   On the 27th day of Novem-
ber, 1880, the main action was tried, and also said motion
heard and determined.   The motion was sustained and the
property discharged, but the defendant Allen recovered a
judgment against the plaintiff.   Said judgment was general
and was not a lien on the attached property.   On the 29th
day of November, 1880, the defendant Allen sued out a writ
of error from the Circuit Court on the ground the justice
had erred in discharging the attached property, and this ac-
tion was pending, as we understand, when this cause was
tried.   On the day last aforesaid Allen caused an execution
to issue on the judgment rendered in his favor by the justice
of the peace, and by virtue of such execution and a levy
thereunder the defendants have possession of the property in
controversy.

The defendants pleaded the matters aforesaid in abatement
of this action, the argument being that the judgment on the
motion was an adjudication, but that the suing out of the
writ of error had the effect to transfer the proceeding to the
Circuit Court, and as it has not been determined this action
should be abated.

The motion to discharge the property being authorized
by statute, the adjudication of the justice discharging the
property was final and conlusive unless it was suspended or
reversed as provided by law.   The plaintiff, then, was entitled
to the possession of the property in accordance with the
order discharging it from attachment.   The judgment in the
main action did not continue the lien of the attachment.   If
preserved at all, or, if the sheriff was entitled to possession
under the attachment, it must be the suing out of the writ of

error had such effect. The statute provides when attached property has been discharged the plaintiff, in case he desires to appeal, may so announce, and if the appeal is perfected within two days the lien is preserved. Code, § 3019. But in order to have this effect a supersedeas bond must be given. Code, § 3186. If it be conceded a writ of error should have the same effect as an appeal, a bond is required if a stay of proceedings is desired. Code, § 3601. In the present case no such bond was given and the lien of the attachment ceased. The levy under the general execution amounted to a new seizure and the plaintiff was without remedy unless he can maintain this proceeding. We think he can do so, and the court did not err in overruling the plea in abatement.

II. The plaintiff in substance testified he had lived in Wisconsin but had left there intending to go to Sac City, Iowa, and that such place was his residence. On cross-examination he was asked " Did you tell any one you were going to any other place than Sac City, Iowa? " An objection to this question was sustained.. It is not claimed the question was asked for the purpose of impeachment. If the plaintiff had made such statement it was competent to so prove by any person to whom it was made. No such attempt was made. The evidence sought to be elicited would only have a remote bearing on the issue, and if answered in the affirmative could not have changed the result. Therefore the error, if it is such, cannot be regarded as prejudicial.

III. The sheriff was on the stand as a witness for plaintiff and produced, and the same was offered in evidence, the execution and return thereof. The defendant objected on the ground of incompetency. The objection was overruled. It is now said the ruling was erroneous because the execution and return is a part of a judicial record and should have been on file in the justice's office, and the latter alone could certify to its genuineness. In this view we do not concur. It was not objected below the execution was not genuine, or did not come from the proper repository, and such objection cannot

be made for the first time here.    Besides this the execution introduced in evidence was identified by the sheriff as the one under which he acted, therefore it makes no difference where it came from or whether it had ever been returned to the justice.

IV.   One Hunefelt was introduced as a witness by the plaintiff and testified to the value of the horses, whereupon the defendants sought to prove on cross-examination the plaintiff never claimed the horses were exempt, but had waived the provisions of the law in this respect.   The court refused to permit this to be done, and the ruling was right, because it was not proper cross-examination, and besides this the witness did afterward testify fully as to the matters aforesaid.

In view of what has been said it is not deemed necessary to notice the other errors assigned and argued except to say the instructions are correct and the verdict is in accord therewith.

AFFIRMED.