THE C., R. I. & P. R. Co. v. GRINNELL, AND TWENTY-THREE
OTHER CASES.

1. **Judgment:** SUPERSEDEAS: WRIT OF ERROR. Where a case was re-
moved from this court to the Supreme Court of the United States by
writ of error, but such writ was not lodged with the clerk until after the
expiration of sixty days from the filing of the opinion, it was held that
the judgment of this court was not superseded, and the proper process
for its enforcement was directed to issue upon application of the party
entitled thereto.

## WEDNESDAY, DECEMBER 17.

PER CURIAM.—Plaintiff files its motion in these cases for
an order directing the clerk to issue writs of possession or a
*procedendo* in each case.    The facts upon which
the motion is based are these: The judgments of
the court below in these cases were affirmed by this court June
14, 1879, and an order made that a *procedendo* issue in each
case.    Writs of error were allowed in the respective cases, and
citations as required by the Statutes of the United States were
signed by the chief justice of this court August 5, 1879, and
filed with *supersedeas* bonds August 14, 1874, in the office of
the clerk of this court.    Writs of error were issued, and lodged
with the clerk of this court September 12, 1879.

The plaintiff insists by its motion, and this is the only point
relied upon by counsel in their argument, that judgments of
this court are not superseded for the reason that the writs of
error were not lodged with the clerk of this court within the
time prescribed by the statutes of the United States.    Upon
this ground and no other plaintiff asks that a *procedendo* be
issued in each case.

A writ of error lodged with the clerk of this court, with the
seccurity required by the statute, within sixty days from the
rendition of judgment, operates as a *supersedeas*.    U. S. Rev.
Stat, § 1007.    If it is not so lodged within that time, it does

not so operate. *City of Washington v. Dennison*, 6 Wal., 496; *Railroad Co. v. Harris*, 7 Wal., 574.

The judgments not being superseded, the power exists in this court to enforce them by proper process. U. S. Rev. Statutes, § 1007; Code, § 3186; *Wallen v. Williams*, 7 Cranch, 278.

The motion of plaintiff is sustained, and the clerk will issue in each case a *procedendo* as provided in the judgment therein.