## THOMAS v. NICKLAS ET AL.

1. **Justice of the Peace:** JUDGMENT: APPEAL. A judgment of a justice of the peace from which an appeal has been taken, without filing any *supersedeas* bond, may be enforced notwithstanding the appeal; and in such case, the levying upon goods under an execution issued upon the judgment, after the appeal was taken, would not render the constable liable as a trespasser.

*Appeal from Hardin District Court.*

### WEDNESDAY, APRIL 5.

THE plaintiff claims of the defendent William Nicklas, as constable, and his sureties upon his official bond, the defendants, W. Webber and F. Bruthaupt, the sum of one thousand dollars. The petition in substance alleges that S. Bloch, a justice of the peace, issued an execution in the case of *Spiesbuger Bros. v. H. O. Thomas et al.*, under which the defendant, Wm. Nicklas, on the 18th of April, 1881, levied upon a stock of jewelry, show-cases and fixtures, the property of the

plaintiff. That after said justice rendered judgment against plaintiff, on which said execution issued, plaintiff removed said cause to the Circuit Court on writ of error, and on hearing in said Circuit Court on the 18th day of March, 1881, the judgment of said justice was affirmed. That the plaintiff herein, defendant in that action, excepted to the order, judgment, and rulings of the Circuit Court, and on the 18th day of March, 1881, appealed therefrom, and filed a supersedeas bond, which was duly approved and entered upon the records, and an order was issued by the clerk staying all proceedings, which order was duly served upon defendant and all others interested in the proceedings against defendant therein. That afterward the defendant Nicklas, acting in collusion with one A. M. Bryson, willfully and maliciously, and with the express intent and design to injure plaintiff and destroy his business, retained said goods in violation of said order, and after demand made by plaintiff for the goods.

The defendants filed a demurrer to this petition, which the court sustained. The plaintiff appeals.

*J. H. Scales*, for appellant.

*A. M. Bryson* and *Wm. V. Allen*, for appellee.

DAY, J.—Section 3597 of the Code authorizes any person aggrieved by an erroneous decision of a justice in a matter of law, to remove the same into the Circuit Court for correction. Section 3601 of the Code provides: "All proceedings in the justice's court subsequent to judgment, may be stayed by a bond, entered into like that required in cases of appeals, and on which judgment shall be entered against the principal and surety in like manner and under like circumstances." A judgment from which an appeal has been taken or a writ of error sued out, without filing any supersedeas bond, may, notwithstanding the appeal or writ of error, be enforced. See *Phillips v. Germon*, 43

1. JUSTICE OF THE PEACE: judgment: appeal.

Iowa, 101; *C., R. I. & P. R. Co. v. Grinnell*, 53 Iowa, 55; *Pellersells v. Allen*, 56 Iowa, 717. The petition does not allege that, upon the suing out of the writ of error, proceedings upon the judgment of the justice were stayed as provided in section 3601 of the Code. A supersedeas bond was filed upon the taking of the appeal from the judgment of the Circuit Court, but this simply stayed proceedings upon the order of affirmance. Proceedings upon the judgment of the justice not having been stayed as the statute provides, it was competent for the justice to issue execution, and the defendant Nicklas, in enforcing it as constable, and retaining the goods seized thereunder, was not a trespasser. The court did not err in sustaining the demurrer.

AFFIRMED.