NIMROD LEASE, Appellant, v. JOHN FRANKLIN,
Appellee.

Justice's Court: MOTION TO DISCHARGE ATTACHED PROPERTY: WRIT OF
ERROR. A motion to discharge attached property as exempt, which
is supported by affidavits, and resisted by counter affidavits, presents
a question of fact and not of law, and a review of the ruling of a
justice of the peace thereon cannot be obtained by writ of error.

*Appeal from Washington District Court.*—HON. D.
RYAN, Judge.

FRIDAY, JANUARY 29, 1892.

ACTION commenced before a justice of the peace
on an account, aided by attachment. The defendant
filed a motion to discharge the attached property as

exempt from execution to the defendant as the head of a family. Evidence, both in support and resistance of the motion, was introduced. The justice at the trial gave judgment for the plaintiff on his account for eighty-four dollars, and overruled the motion to dismiss the attachment.. The plaintiff, by writ of error, took the case to the district court, where the action of the justice in overruling the motion was in part reversed, and the cause remanded to the justice for further proceedings. From the order of the district court the plaintiff appeals.—*Reversed.*

*T. H. Maxwell* and *Dewey & Eicher,* for appellant.

No appearance for appellee.

GRANGER, J.—The amount in controversy is less than one hundred dollars, and we must look to the certificate of the district court alone for the question of law we are to determine. We are not permitted to determine questions of fact from the abstract or transcript. The district court certified the following question of law, which is the only one we find it important to discuss:

"*Question of law:* (1) A motion was made in the justice of peace's court by the defendant, under section 3018 of the Code, in this action of attachment, to discharge the attached property because the same was exempt from execution, such motion being supported by affidavits tending to show the same, and the plaintiff filed affidavits, and by agreement of parties introduced oral evidence resisting such motion, and tending to show said attached property was not exempt, which motion was overruled. The defendant brought the proceedings, on the motion before the district court by writ of error, to be reviewed. Was this his proper or legal remedy, or should it have been placed before the district court by appeal?"

Code, section 3575, provides: "Any person
aggrieved by the final judgment of a justice may
appeal therefrom to the district court of the county."

"Section 3597 provides: "Any person, aggrieved by
an erroneous decision in a matter of law or other illegal-
ity in a proceeding of a justice of the peace, may remove
the same, or so. much thereof as is necessary, into the
district court for correction." "A writ of error cannot
be used to review the findings of a justice in an issue of
fact." *Taylor v. Rockwell*, 10 Iowa, 532; *Lane v.
Goldsmith*, 23 Iowa, 242; *State v. Roney*, 37 Iowa, 32.
The certificate shows only that the question of the
exemption of the property is to be determined from the
evidence, both oral and by affidavit. Such a question
is not one of law, but of fact. Proofs are not essential
to the determination of questions of law. Questions of
law arise upon facts, established or assumed. It is
true that the issues on this point arise on a motion
instead of pleadings, but our statute recognizes issues
of fact upon motions, and provides a method of trial in
such cases. Code, section 2913, chapter 14, title 17.
The judgment of the justice was final, from which an
appeal would lie, and an appeal was clearly the remedy.
The writ of error gave to the district court no jurisdic-
tion to determine the question of fact, and the proceed-
ing should have been dismissed.

With this view the other questions certified
become entirely immaterial to the case. The judg-
ment is REVERSED.