WILLIAM COX v. M. F. ALLEN, Appellant.

**Exemptions: Nonresidence.** A person who comes into this state with intent to remain, is a resident within our statutes of exemption, though he have no fixed place of abode and has left a crop and household goods in the state from which he came.

3  **Res Adjudicata: Motion.** The overruling of a motion to dis-
4  charge exempt property made under Code, 3018, is no bar to a subse-
   quent suit for damages sustained because exempt property was at-
   tached, especially when the evidence is not clear as to whether the
5  ruling on the motion decided anything, except that the exemption was
   not apparent of record.

**Practice: Discretion of Court.** The overruling of a motion for
   continuance, based on the fact that counsel was informed that a num-
1  ber of other causes preceded on the assignment, and left to attend to
   another in which he was sole counsel, will not be interfered with
   when it does not appear of whom the information was obtained, or
   that counsel had sufficient reason to rely upon it.

**Same: Harmless Error.** It is not prejudicial to strike a pleading
2  when its allegations are allowed to be proven under averments of
   other pleadings which stand.

6  **Same: Objection Too Late.** Erroneous failure to instruct can
   not be first urged, on appeal.

*Appeal from Wapello District Court.*—Hon. E. L.
Burton, Judge.

Saturday, May 26, 1894.

Action for the recovery of specific personal prop-
erty and damage for its detention. There was a trial
by jury, and a verdict and judgment for plaintiff. The
defendant appeals.—*Affirmed.*

*Epps & Ennis* and *McElroy & Roberts* for appel-
lant.

*J. F. Blake* and *W. A. Work* for appellee.

Robinson, J.—The plaintiff was a resident of this
state in the year 1890. In July of that year, he went
to the state of Missouri, where he lived until June,
1891. On the second day of that month, he left Mis-
souri and returned to Ottumwa, about noon of June
sixth, and at 10 o'clock in the evening of the same
day, the property in controversy, consisting of a team
of horses, a harness, and wagon, was seized under a

writ of attachment issued from justice's court, in an action in which the defendant in this case was plaintiff and the plaintiff in this case was defendant. The action was founded on an account for fifty-nine dollars and two cents, and, after a trial in justice's court, judgment was rendered in favor of Allen for that amount. No appeal has been taken in that case. The petition in this action alleges that the property seized was exempt to plaintiff from attachment and execution for the reason that, when it was taken, he was a resident of this state, the head of a family, and habitually earned his living with the property. The petition also states that the property was purchased with money the plaintiff had received from the United States government as a pension. Judgment for the return of the property, and for damages in the sum of one hundred and fifty dollars for its detention, is asked. The answer denies that the property was exempt from seizure under the writ of attachment, and in the fourth division alleges that the right of plaintiff to the relief he demands was adjudicated in the action in justice's court. The jury found for the plaintiff, fixed the value of the property at one hundred and fifty-five dollars, and found that he had been damaged by the wrongful detention thereof in the sum of one hundred and fifty dollars. A motion for a new trial was overruled, and judgment was rendered in favor of the plaintiff for three hundred and five dollars and costs.

I.   This action was commenced against the officer who had levied the writ of attachment, and was called for trial at the August term, 1892, of the district court. On the nineteenth day of September, an application for a continuance until the next morning was filed in behalf of the defendant. The affidavit which supported it, was made by a surety of Allen on an indemnifying bond, and shows the following facts: Allen resided in Missouri, about 70 miles from Ottumwa, and a

telegram had just been sent to him asking him to come at once. His only attorney, W. W. Epps, went to Monroe county two days before, to try an important case in justice's court, and in that case he was the only attorney for his client. He knew that there were six or seven cases assigned for a hearing before this one, and had inquired and been in formed that those cases would be ready for trial when called, and had not anticipated that this case would be called that day. It was also show that he would return that night, and that there had not been sufficient time in which to procure another attorney to proceed with the trial. The application for a continuance was overruled. The next day, after a portion of the evidence for the plaintiff had been submitted, Allen came into court, was substituted for the sheriff as defendant, filed an answer, and the trial proceeded without objection on his part. We can not say that the court abused its discretion in over-ruling the application. It had knowledge of the condition of its business and of its customary methods of procedure, which we do not have. The affidavit upon which the application was based did not show due diligence to prepare for trial. It is not shown of whom Mr. Epps sought information in regard to the causes assigned for trial, nor that he had sufficient reason to rely upon the information he received. Moreover, we are of the opinion from the facts disclosed by the record, that no prejudice resulted from his absence when the case was called.

II. The answer filed by Allen adopted the one the sheriff had filed, to which reference has already been made, and again pleaded a prior adjudication, and set out copies of the petition, bond, writ of attachment, and return thereof filed in justice's court. Allen thereafter filed an amendment to his answer, which was in the nature of a specific statement of the facts, upon which the claim of a prior adjudication rested. A motion to

strike the amendment was sustained. We think the amendment was proper, and that it might well have been permitted to remain on file. But we are of the opinion that defendant was not prejudiced by the action of the court in striking it. A former adjudication was twice pleaded in his answer as it remained during the trial, and the defendant was permitted to introduce, without objection, evidence to sustain the allegations set out in the amendment which was stricken from the files.

III. On the trial in justice's court, Cox filed a motion to discharge the attachment, on the ground that the attached property was exempt from seizure for the payment of his debts, for the reason that he was a resident of this state and the head of a family when the property was taken, and that, by means of it, he habitually earned a living for himself and family. The motion was supported by affidavits, and it appears that there was other evidence, the character of which is not shown, introduced by the parties to the action. The defendant claims that there was an agreement between the parties by which oral evidence was to be received to determine the issues presented by the pleadings and motion, and that all were to be determined together. The evidence fails to sustain the claim, excepting as it may be inferred to be well founded by the fact that evidence was offered by both parties as stated. The record of the justice does not show any formal ruling on the motion, but he states that he ruled upon it, and his entry of judgment shows the following: "The property attached herein be held and disposed of according to law." This necessarily shows that the motion was not sustained, and, as it was acted upon, it is fair to presume that it was overruled. The appellant contends that this was an adjudication that the property was not exempt, and, as no appeal was taken, that it was final. The claim thus made is sus-

·tained in some respects by the opinion in *Lease v. Franklin*, 84 Iowa, 413, 51 N. W. Rep. 21. But there remains the question whether the ruling of the court on such a motion is so far a final adjudication of the issues presented by it that they may not be further considered and determined in another proceeding. The motion was authorized by section 3018 of the Code, which is as follows: "A motion may be made to discharge the ·attachment, or any part thereof, at any time before trial, for insufficiency of statement of cause thereof, or for other cause making it apparent of record that the. attachment should not have issued, or should not have been levied on all or on some part of the property held." The motion is to be determined by the court for cause "apparent of record." It was said in *McLaren v. Hall*, 26 Iowa, 300, that "in order to justify the discharge of property on a motion of this kind, so summary in its character, the case should be made clear and entirely satisfactory; otherwise, the party should be left to the other and ordinary means, by the proper action, for testing the liability of the property levied upon, to be seized under the writ." Where the motion to discharge is sustained, it is necessary for the attaching creditor to appeal from the order to prevent the loss of his lien. *Lease v. Franklin, supra; Pellersells v. Allen*, 56 Iowa, 718, 10 N. W. Rep. 261. But, where a motion filed under section 3018 is overruled, the adjudication is to the effect that it is not apparent of record that the attachment should not have been issued, or should not have been levied upon the property sought to be released by the motion. The debtor may in another proceeding insist that the property should not have been taken under the attachment, and recover, if he show the court or jury, by a preponderance of the evidence, that his claim is well founded. See *Rausch v. Moore*, 48 Iowa, 613. We are not to be understood as holding that issues of

fact may not be determined on motion. It was said in *Lease v. Franklin, supra,* that they may be so determined; and we are of the opinion that, had the adjudication alleged in the answer been sustained by the evidence, it would have been shown to be final and conclusive in this case. But the evidence introduced on that issue was not of a satisfactory character, and the jury was authorized to find that it was not sufficient to show the adjudication pleaded.

The appellant complains that the court did not charge the jury in regard to that issue, and we are of the opinion that it erred in not doing so, but the appellant can not take advantage of the omission, for the reason that he did not call it to the attention of the district court, and the objection now urged, is made for the first time in this court. The appellant asked several instructions, but none of them referred to the plea of a prior adjudication. He filed a motion for a new trial, but it did not refer to the failure of the court to charge the jury on the issue in question. So far as we are able to determine, the objection now urged occurred to the appellant for the first time after the abstract and assignment of errors had been printed, for it is referred to in the assignment of errors only in portions interlined. It is the well known general rule that no weight can be given to objections of the character of that under consideration, urged for the first time in this court.

IV. The appellant complains of portions of the charge to the jury which are as follows: "The law of this state is that any person coming into the state with the intention of remaining shall be considered a resident of the state, within the meaning of the chapter on exemptions. It is not essential that a man coming from another state, in order to gain a residence in this state, should be a housekeeper. If he come into this

state with the intention of remaining, he is a resident, even if he has not yet obtained a house in which to live." The evidence tends to show that plaintiff left his home in Missouri on the second day of June, 1891, with the intention to abandon it, and to acquire a residence at Ottumwa. When the levy in question was made, he had been at Ottumwa but a few hours, and was stopping in a tent, without any fixed place of abode, although he had sought unsucessfully to obtain a house in which to live. Section 3072 provides that, "if the debtor is a resident of this state," certain articles of his property shall be exempt from execution. The plaintiff had planted a crop in Missouri, and had left a portion of his household furniture there in the house in which he had been living; but he had abandoned his residence in that state, and had no intention of returning to it. When the seizure in question was made, the plaintiff had come into this state with the intention of making a home and place of residence at Ottumwa. Section 3076 of the Code, relating to exemption, provides that "any person coming into this state with the intention of remaining shall be considered a resident, within the meaning of this chapter." The appellant contends that to hold that the plaintiff was a resident of this state when the levy in question was made would be to reach a conclusion in conflict with several decisions of this state, especially that in *Hinds v. Hinds*, 1 Iowa, 36. That case involved the residence of a person, within the meaning of statutes of the state in regard to divorce, and is not applicable to the facts in this case. The decisions cited by appellant have no application to the facts and the statute under consideration, and need not be specially noticed. We find no ground upon which the judgment of the district court should be disturbed, and it is AFFIRMED.