OMAHA NATIONAL BANK, Appellant, v. J. W. SQUIRE *et al.*, Appellees.

Filing of Affidavit: EVIDENCE: *Recitals in decree.* A decree recited that defendant was duly served with notice by publication, and the appearance of the docket showed that an affidavit of non-residence was filed with the petition, and before the first publication; and two witnesses stated that they saw the affidavit, and the attorney for the plaintiff testified that while he had no independent recollection of filing the affidavit, it was his custom to file such affidavits in every case where defendants were non-residents. *Held*, that the filing of the affidavit was established though it was not on file when an action to set aside the decree was brought.

*Appeal from Pottawattamie District Court.*—HON. N. W. MACY, *Judge.*

WEDNESDAY, APRIL 10, 1901.

SUIT in equity to redeem from a tax sale, and to set aside a decree of court quieting title to certain lands in defendant Squire. The trial court dismissed the plaintiff's petition, and plaintiff appeals.—*Affirmed.*

*Wright & Baldwin* and *A. W. Askwith* for appellant.

*Harl & McCabe* for appellees.

DEEMER, J.—Defendant Squire holds a tax deed on the property in controversy, and in an action brought against the plaintiff, secured a decree quieting title thereto in him.

The decree is attacked because the notice, which was by publication, was not properly served, for that there was no affidavit of non-residence filed as required by statute. And the tax deed is challenged because Squire did not pay the amount of his bid at the time of sale, and was guilty of combining with other bidders to prevent competition. The decree quieting title recites that defendant (plaintiff herein) was duly and legally served with notice by publication; the appearance docket shows that an "affidavit of non-residence" was filed with the petition, and before the first publication; and the testimony of at least two witnesses is to the effect that they saw an affidavit of non-residence filed in the case, and that it stated, in addition to the fact that defendant the Omaha National Bank was a non-resident, that personal service could not be made on it in this state. Another witness (the attorney who acted for Squire in the action to quiet title) testified that, while he had no independent recollection of the facts, it was his custom to file such affidavits in every case where defendants were non-residents. These facts, which are practically uncontradicted, clearly brings the case within the rule announced in *Simmons v. Simmons,* 91 Iowa, 408, and, while there was at the time of the trial no affidavit of non-residence on file or with the original papers, furnish indubitable proof that such an affidavit was on file before the notice was published. Some claim is made that Squire fraudulently withheld from plaintiff the fact that he had an action to quiet the title pending, but that claim is without support in the evidence. True, in his negotiations with plaintiff's agent regarding redemption from the sale he did not speak of his action, but, under the circumstances disclosed, he was not bound to do so. His silence did not amount to a fraud on the plaintiff. As the decree quieting title in defendant is regular and unassailable, nothing need be said regarding the validity of the tax deed. The decree is right, and it is AFFIRMED.