BLANCHE McWILLIAMS, Appellant, v. M. M. ROBERTSON et al., Appellees.

PROCESS: Original Notice—Service—Overcoming Return. The 1 strong presumption of verity which attaches to a return by the sheriff of service of an original notice is only overcome by clear and satisfactory evidence to the contrary. Evidence reviewed, and held insufficient to set aside a default judgment on the plea that the return of service was false.

PROCESS: Original Notice—Service—Non-Essential Recitals. A 2 return of service of an original notice which recites service on the defendant by name, by serving a member of defendant's family, need not again repeat the name of defendant in the recital that defendant was "not found in the county of his residence."

PROCESS: Original Notice—Service—Verity—Evidence. The following facts are, in some degree, corroborative of the truthfulness of a return of service of an original notice:

1. The positive testimony of the officer that he never made a false return.

2. That the notice and copy were delivered to the officer with the addresses of the defendants indorsed thereon, and that the officer went to that address to make service.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

TUESDAY, JUNE 19, 1917.

MOTION to vacate a default judgment, on the alleged ground that the defendants in the principal action were never served with notice, and that the return of service made by the sheriff is false. There is a resistance, which denied the allegations of the motion and relied upon the return of service made by the deputy sheriff. Motion was sustained, the judgment vacated; hence this appeal.—*Reversed.*

*Royal & Royal,* for appellant.

*Hunn & Jones,* for appellees.

SALINGER, J.—I. Appellant filed a petition in said district court on December 24, 1914, seeking judgment against appellees on a certain promissory note. A judgment on default for want of appearance was entered upon the return of service made by the sheriff, made through C. M. Miller, deputy, certifying that he personally served the same on the within named Cora E. Robertson; also that he served same on the within named M. M. Robertson by leaving a copy at the house of M. M. Robertson in Des Moines Township, Polk County, Iowa, the same being his usual place of residence, with Mrs. M. M. Robertson, a member of his family over 14 years of age, and reciting further that said ———— was not found in Polk County, Iowa, after diligent search. The trial court set aside the judgment, thus holding that service of notice was not made.

1. PROCESS: original notice: service: overcoming return.

It will be noticed that, as to the husband, while the return recites substituted service on him by name, the name is not repeated in the further recital of not finding him in the county after diligent search. We are not inclined to give much weight to this failure to repeat. There is no statute that requires naming the person again in the recital of failure to find. As to this being nonessential and not required, *Ringstad v. Hanson,* 150 Iowa 324, has some applicability, especially as there is no question that the return as a whole can be construed to refer to none other than the one named in the first part of the same.

*2. Process: original notice: service: nonessential recitals.*

There is a confusion which, to some extent, adds strength to the claim that no service was made. The return certifies that service on the wife was made on the 23d of December, and the substituted service made by serving the wife on the 24th of December. The officer has no personal recollection on whether he made service twice, and on the 23d and 24th. He admits that, ordinarily, when he serves a notice on husband and wife, he serves both at the same time, and, while he will not be positive, he thinks he did make both services at the same time. He does remember he made two trips, but will not say whether he served the woman one day and returned and served her again, and admits that, notwithstanding the return, he may have made both services on one day. We find the probabilities to be that he went there at some time during December 23d, when no one was at home. There was no one at home between two and five o'clock in the afternoon of December 23d. Had the officer called then, he had occasion for a second call. As he says he made the service in the evening, after the lamps were lighted, if that was the evening of the 24th, we have no occasion to go into where the Robertsons were on that day before evening of the day. On that evening, the husband arrived home about 7:30, and after that

time, all three were at home all evening. Mrs. Robertson says they had a Christmas tree, and were not disturbed. In so far as there is a claim that the notice was served on her that evening and at the door, and after she identified herself, her testimony conflicts with such claim. But she is not corroborated, and, as we think, weakened. It is very significant that the daughter says no one came there during the *day* of the 24th and read or left any paper with her mother. This, of course, does not corroborate Mrs. Robertson in the claim that no paper was served that evening, and, on the contrary, tends to weaken her testimony; because, if it were the fact, the daughter would not have limited herself to denial of service in the daytime of December 24th, but would at least have added her own to the statement of her mother that no one disturbed them on that evening. It is even more significant that the husband, who was at home that evening, is not made a witness. It is not even made clear that the daughter could affirm or deny service. If the service was made at the door on calling out the mother, the daughter might know nothing about it, because she admits that she does not always go to the door when one calls to see her mother, and would not always know when there was a knock or ring, or what went on with one who went to the door in response.

Though the officer says he does not now

3. PROCESS: original notice: service: verity: evidence.

recognize the wife, he does say that he asked for her by name; that a woman came to the door and said she was the named person; that he served that person, and served her but once; but that, as to details of the circumstances of making service, he must rely on the return. He adds that he is positive he never made a return unless he had made the service certified to. In a way, *Shehan v. Stuart*, 117 Iowa 207, holds that this deduction furnishes a corroborative circumstance for the claim of service.

It is quite natural that an officer in a city like Des Moines finds it difficult to give a clear account, based upon personal recollection, of the details of serving all original notices served by him.    There is no reason why Mr. Robertson and the daughter should not be able to speak clearly as to whether or not one particular notice was served on the mother of the household, on a Christmas Eve, when the family was celebrating with a tree.

The attorney for the plaintiff delivered to the sheriff notices and copies for the Robertsons and endorsed their address upon the copies; the sheriff went to that address. This, according to *Wyland v. Frost,* 75 Iowa 209, is some corroboration for the claim that service was made.

1-a

"The truth of the return is proven by the signature of the sheriff or his deputy, and the court shall take judicial notice thereof."    Code Sec. 3524.

It is elementary that public policy requires clear and satisfactory proof, before a judgment will be set aside against the return of the sheriff that notice of suit was duly served.    While in none of them the facts are exactly alike, or yet like the facts in the instant case, the following of our decisions, despite differences as to facts, establish such a rule of evidence.    See *Hoitt v. Skinner,* 99 Iowa 360; *Shehan v. Stuart,* 117 Iowa 207; *Ketchum v. White,* 72 Iowa 193; *Mosher v. McDonald,* 128 Iowa 68, at 70; *Miller v. Minneapolis & St. L. R. Co.,* 119 Iowa 41; *Galvin v. Dailey,* 109 Iowa 332; *Farnsley v. Stillwell,* 107 Iowa 631; *Wyland v. Frost,* 75 Iowa 209; *Bowden v. Hadley,* 138 Iowa 711.

We are of the opinion that an application of this rule, and a fair analysis of the testimony pro and con, *aliunde* the return, make it clear that the evidence was insufficient

to warrant setting aside the judgment of appellant. Where-fore, that action must be set aside and—*Reversed.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.