W. W. WITOUSEK, Appellee, v. IDEAL YEAST COMPANY et al., Appellants.

**DISMISSAL AND NONSUIT:** Voluntary—Right of Defendant. An action for the appointment of a receiver, wherein defendant is praying for no affirmative relief, may be dismissed at any time prior to submission to the court.

*Appeal from Linn District Court.*—JOHN T. MOFFIT, Judge.

JUNE 23, 1922.

PLAINTIFF brought suit for the appointment of a receiver for the defendant corporation, and for an injunction. An an-

swer was filed. Before final submission, plaintiff voluntarily dismissed the cause, and paid the costs. Defendants appeal from the order of dismissal.—*Affirmed*.

*E. C. Barber, John M. Redmond,* and *W. J. Barngrover,* for appellants.

*E. E. Collins,* for appellee.

FAVILLE, J.—The appellant Ideal Yeast Company is a corporation organized under the laws of the state of South Dakota, and engaged in business in said state, and also within the state of Iowa. The other appellants are stockholders in said corporation, and some of them are officers and directors. The appellee is a stockholder in said corporation.

On or about the 26th of January, 1921, the appellee brought an action in the district court of Linn County against the appellants, praying an accounting by the officers of said corporation, and seeking the appointment of a receiver to take charge of the assets of said corporation. The petition was presented to the court on January 28, 1921, and an order was entered by the court, fixing the time of hearing on the matter of the application for the appointment of a receiver and for an injunction on February 2, 1921, at 9 o'clock A. M., and requiring notice to be served. Due notice was served, in accordance with said order, and on the 2d of February, 1921, the appellants appeared and filed answer to said petition, which consisted only of a general denial and certain admissions.

On the 5th day of February, 1921, a written stipulation was entered into between counsel for the respective parties, to the effect that the hearing for the appointment of a receiver and restraining orders should be upon affidavits. Thereafter, certain stipulations were entered into between the parties in respect to meetings of the stockholders, pending the litigation. It also appears that affidavits were taken by the appellee, preparatory to the submission of said application for the appointment of a receiver. On February 15th, the parties entered into an agreement in open court that the hearing on the application for the appointment of a receiver be postponed until February 25,

1921. The record fails to disclose that anything was done on said last named date, or thereafter until March 22, 1921, when the following order was entered by the court:

"Plaintiff appears and dismisses his cause of action at his costs. Costs paid. To all of which defendants object and except."

The appeal to this court is from this order of dismissal.

The answer of the appellants sought no affirmative relief. The only prayer therein was that the petition be dismissed. Appellants now complain because the petition was dismissed by the appellee at his own costs, and before final submission of the case.

Code Section 3764 is, in part, as follows:

"An action may be dismissed, and such dismissal shall be without prejudice to a future action:

"1. By the plaintiff, before the final submission of the case to the jury, or to the court when the trial is by the court."

Appellants contend that the order of dismissal, as made by the court below, has the effect of being an adjudication of the cause, it being in equity, and urge that they are entitled upon this record to a trial *de novo* in this court, and to a judgment and decree in their favor. It is very evident from the order of the court that the dismissal was not upon a hearing, and was in no way an adjudication of the merits of the case. There was a voluntary dismissal by the plaintiff in this action before the final submission of the case to the court. This is expressly provided for by the statute above quoted. There is nothing in the record to indicate that there had been any "final submission" of the case to the court prior to the entry of dismissal. Therefore, under the terms of the statute, the dismissal by the plaintiff was without prejudice to a future action. The appellants ask in this court "that final judgment and decree on the merits be entered in favor of the appellants." There is no record before us of anything but the pleadings in the case and the stipulation for the time of hearing on affidavits and the order of dismissal. If any affidavits were filed, they are not contained in the record before us, and in no event could we hear the case

*de novo* or enter any decree, had we jurisdiction so to do, without a record upon which to act.

Appellants' second proposition on appeal is that, if judgment and decree is not entered in this court, the case should be reversed, with an order to the lower court to try the case on its merits.

We cannot do this, because the case has been finally disposed of by voluntary dismissal by the plaintiff, which, under the statute, he had an absolute right to do at any time prior to the final submission of the case. No question is raised as to the right of the appellants to appeal from such an order of voluntary dismissal.

We find no error in the record, and the order of the lower court is, therefore,—*Affirmed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.