JENNIE PAUL SULLIVAN, Appellant, v. J. S. COAKLEY et al., Appellees.

FEBRUARY 7, 1928.

*J. H. Ritchey* and *Jennie Paul Sullivan*, for appellant.

*Ed. Fackler, Jr.*, for appellees.

KINDIG, J.—Chronologically the facts are: Petition was filed by appellant, as plaintiff, in May, 1925. Some of the appellees, as defendants, attacked this pleading by motion to strike, while others proceeded through demurrer. Both were successful under the court's ruling of September 29, 1925, and there the matter rested until March 8, 1927, when the following judgment entry was made:

"The plaintiff [appellant] appears in person, and asks for the court to enter judgment against her for costs of suit and dismissal of her cause of action. Motion sustained. Judgment entered against plaintiff for costs of suit."

At the succeeding May, 1927, term of the same court, appellant submitted this motion:

"Plaintiff in the above entitled cause moves the court to expunge from the judgment made and entered in the above entitled cause on March 8th, 1927, the following words: 'and for dismissal of her cause of action.' Plaintiff further alleges in support of and as grounds for said action, that she made no motion, oral or in writing or print, for the dismissal of her cause of action, but alleged in open court that she stood on her petition."

Written resistance thereto was then presented by the appellees affected by the demurrer. This objection controverted the facts upon which the appellant's "motion" was based.

After the introduction of evidence and full hearing, the district court overruled appellant's "motion."

I. Obscurity appears in the abstract concerning whether or not judgment was entered from which this appeal is purported to have been taken,—but we are proceeding on the theory that there are sufficient facts in the record before us to warrant a finding that the district court made such final adjudication.

II. No controversy is here raised concerning the procedure adopted by the appellant in the court below to procure the relief she sought, so, without deciding, we are assuming the propriety and legality thereof.

III. Section 11562 of the Code of 1924 provides:

"An action may be dismissed, and such dismissal shall be without prejudice to a future action:

"1. By the plaintiff, before the final submission of the case to the jury, or to the court when the trial is by the court. * * *"

That privilege is absolute. *Ryan v. Phoenix Ins. Co.*, 204 Iowa 655; *Witousek v. Ideal Yeast Co.*, 194 Iowa 47.

IV. Notice to the court that a "dismissal" was desired by appellant was sufficient to authorize that tribunal to make the entry of "nonsuit." *Bardes v. Hutchinson*, 113 Iowa 610. See, also, *Ryan v. Phoenix Ins. Co.*, supra.

V. Confronting appellant at the threshold of this phase of the legal quarrel is the burden of proof; for there is a strong presumption supporting the truthfulness of the court's recitals of fact as they appear in the record. *Allen v. First Nat. Bank*, 191 Iowa 492; *McWilliams v. Robertson*, 180 Iowa 281; *Omaha Nat. Bank v. Squire*, 113 Iowa 365; *Hawk v. Day*, 148 Iowa 47;

*Farnsley v. Stillwell*, 107 Iowa 631; *Day v. Goodwin*, 104 Iowa 374; *Buck v. Holt*, 74 Iowa 294; *Wahl v. Phillips*, 15 Iowa 478; *Cooper v. Miller*, 10 Iowa 532.

To meet this obligation, appellant offered her own testimony, together with that of other witnesses, to the effect that the "judgment entry" was not asked or sanctioned by her. However, this evidence is disputed and explained away by others, who testified to the contrary, and emphatically stated that the appellant in unmistakable terms implored the court to make the "dismissal," and that, after the "entry" was made, as above set forth and now complained of, the trial court read the same to appellant, and asked her if it was correct and sufficient, to which she responded in the affirmative. Conceding that the testifiers favoring appellant and those supporting appellee are of equal standing, and entitled to the same credit, the result of their statements is equipoise, in addition to which appellees have the benefit of the "presumption" upholding the "record," and the sustaining and corroborating circumstance that the litigation was permitted by appellant to remain dormant from the 29th day of September, 1925, until the 8th day of March, 1927, without explanation or excuse for the apathy.

Having failed to overcome the "burden of proof," appellant cannot prevail, and the judgment of the district court must be, and hereby is, affirmed.—*Affirmed.*

STEVENS, C. J., and EVANS, FAVILLE, and WAGNER, JJ., concur.