CITIZENS STATE BANK OF NEW SHARON, Appellant, v. C. L. HAWORTH et al., Appellees.

No. 39277.

December 14, 1928.

Rehearing Denied September 30, 1929.

*A. W. Palmer* and *Devitt & Eichhorn,* for appellant.

*T. J. Bray,* for appellees.

Albert, J.—I. The fact situation necessary to an understanding of this lawsuit is as follows:

C. L. and Mae W. Haworth are husband and wife, and Kenneth Haworth is their son. Agnes Haworth is the mother of C. L. Haworth. She held a mortgage on certain described personal property of C. L. Haworth, reciting a consideration of $2,500. There is no dispute that this mortgage was first on the property described therein, and was duly recorded. The Citizens State Bank of New Sharon held a second mortgage on the same property, with some additional property, for the sum of approximately $5,900, which chattel mortgage was also recorded. Financial difficulties overtook C. L. Haworth, and Agnes Haworth foreclosed her chattel mortgage, and Kenneth Haworth purchased the property sold thereunder, for the sum of $2,825.75. The deputy sheriff, J. F. Hook, who conducted this sale under the chattel mortgage for Mrs. Haworth, turned over to her attorney

a check for the balance received on said sale, after deducting the expenses, in the sum of $2,640. The plaintiff gave notice at Mrs. Haworth's sale that it had a chattel mortgage on this property, and thereafter brought this action, making all of the parties, including Kenneth Haworth, defendants.

In plaintiff's petition it sets up the note and chattel mortgage executed by C. L. and Mae W. Haworth, and asks judgment for the amount due thereon; sets up grounds and asks for a special attachment, which was in due time issued, and the property covered by its said chattel mortgage levied upon. Agnes and Kenneth Haworth are made defendants, and as to them it is alleged that "they did claim to have some lien upon, or interest in and to, the chattels covered by said chattel mortgage;" but plaintiff alleges that whatever lien or interest the said defendants, or any of them, may have, is "junior and inferior" to the lien of the plaintiff's said mortgage.

In due time, the defendant Kenneth Haworth filed a motion to discharge the writ of attachment above referred to, and as grounds therefor alleges that he is the absolute owner of said property, and acquired ownership by virtue of purchase at the chattel mortgage foreclosure sale above referred to; and he asks that an order be made by the court discharging said attachment as to the personal property hereinbefore described, and directing the sheriff of Mahaska County to release the same to this defendant. This matter came on for hearing before the court, and after a full hearing, at which witnesses were examined on both sides, the court overruled this motion to discharge this property from the writ. As to the property levied upon under the general writ of attachment, which consisted of certain corn in the field, shock fodder, and hay, together with 350 bushels of oats, a similar motion was made to release this property from the attachment, on which motion there seems to have been no ruling.

Whereupon, Kenneth Haworth filed a petition of intervention, under Section 12136, Code of 1924, setting up a description of the property levied upon by both writs of attachment, and asking that the court hold that he is the absolute owner of all of the personal property so levied upon, and that the same be discharged from said attachment and the property restored to him, as intervener. The plaintiff moved to strike this so-called "petition of intervention," on the ground that there was no authority

in law for the filing of the same, because Kenneth Haworth was a defendant in the original action, and therefore did not come within the provisions of Section 12136. The court overruled this motion. Plaintiff then answered the petition of intervention, by admitting that it caused the writs of attachment to be levied, as alleged by the intervener, but denied that the intervener, Kenneth Haworth, was the owner of said property. As another defense to the petition of intervention, it pleaded the facts of Kenneth Haworth's having filed a motion to discharge the property under the writs of attachment, the trial of the same by the court, and the overruling of the motion to so discharge said property, and pleaded this as an adjudication of his rights in which he claimed to be the owner of the property. It further pleaded that the sale under the Agnes Haworth mortgage was fraudulent, and that Kenneth Haworth participated in such fraudulent arrangement between C. L. and Agnes Haworth.

C. L., Agnes, and Kenneth Haworth filed separate answers to plaintiff's original petition. The evidence in the case was submitted, and the court found that Kenneth Haworth was the owner of all of the property purchased by him at the mortgage foreclosure sale. The court further found, however, that the 60 acres of corn levied upon under the general attachment did not belong to the said Kenneth Haworth, and as to such corn, his petition of intervention was dismissed. The evidence, in addition to the facts above recited, tends to show that Kenneth Haworth was about 23 years of age at the time of the trial, was unmarried, and had lived all of his life at home with his parents; that he was a sufferer from epilepsy, and was not in good health. He worked for his father, a tenant farmer, and did some work outside, and had accumulated a small amount of money, which, at his extreme estimates, amounted to $400. At the time of the foreclosure sale, he talked over with his father the matter of buying the property covered by his grandmother's chattel mortgage, and went to plaintiff bank to see if he could make some arrangements to buy the same. There seems to have been an understanding between him and the bank that they would be willing to finance him to the extent of $800 for the purpose of buying some of the stock covered by the chattel mortgage which was to be foreclosed. Instead of that, however, he purchased $2,800 worth of stuff at this sale, and executed a check for that amount

to the agent conducting the sale. The bank refused payment on the check, and Kenneth and his father went to see Agnes Haworth, who, in the intermediate time, had received a check for $2,640 from the deputy sheriff who conducted the sale. She indorsed this check over to Kenneth, and took his note for the same. He then turned that check to the bank, and the proceeds were used to take up the original check of something over $2,800, which he had before issued to the agent conducting the sale.

One of the principal questions discussed in the case is the right of Kenneth Haworth to file a petition of intervention herein. He asserts this right under Section 12136, Code of 1924, reading as follows:

"Any person other than the defendant may, before the sale of any attached property, or before the payment to the plaintiff of the proceeds thereof, or any attached debt, present his petition verified by oath to the court, disputing the validity of the attachment, or stating a claim to the property or money, or to an interest in or lien on it, under any other attachment or otherwise, and setting forth the facts upon which the claim is founded."

Appellant insists that this section gives no warrant for the filing of such a petition by Kenneth Haworth, because he was already a defendant in the lawsuit, having been made so when the lawsuit was commenced, and therefore he does not come within the provisions of this statute. By a reference to the pleadings above referred to, it will be seen from the allegations that Kenneth Haworth claims some right or interest in this property, but whatever it may be, it is junior and inferior to the right of the plaintiff. The real action, as originally commenced, was for judgment against C. L. and Mae W. Haworth, and a subjection of their property under the special attachment to the payment of the same.

By referring to the above section, it is to be noted that any person other than the defendant may file a petition of intervention. We conceive that the words "the defendant" here refer to defendants who are sought to be subjected to the money judgment prayed for, and not to those collaterally interested. Were this question *res integra*, our idea might be somewhat different, but the matter is foreclosed by our former decisions. A case

with almost this identical set of facts was *Dimsdale v. Tolerton-Warfield Co.*, 151 Iowa 425, and we there held that it was the right of the third party claiming ownership of property, although a defendant in the case, to raise his issue of ownership by intervention. See, also, *Union County Inv. Co. v. Messix*, 152 Iowa 412, l.c. 418. Having so pronounced, we do not care to change the rule.

II. It is the claim of the plaintiff that the foreclosure of the Agnes Haworth mortgage was brought about as a part of a scheme between her, C. L. Haworth, and Kenneth Haworth, to defraud the plaintiff of its rights under the mortgage. With this contention we are not able to agree, under the evidence in the case. The plaintiff's rights were at all times inferior to the rights of Agnes Haworth under her mortgage. When she foreclosed the same, it was the plaintiff's right,—knowing of such foreclosure,—to have been present and bid in the property at the sale, if it felt that the property was worth more than the amount due under the Agnes Haworth mortgage. Instead of availing itself of this right, it chose rather to make a public announcement at the sale that it also had a chattel mortgage on this same property, which, of course, tended to cast a cloud upon the title of the purchaser of the property at the sale, and equally tended to discourage bidders. Under this situation, we do not feel that there is anything in plaintiff's contention in this respect.

III. Another question seriously urged by the plaintiff is that, when Kenneth Haworth filed a motion to dissolve the attachment, on the ground that he was the absolute owner of the property in controversy, and it was tried out to the court, and the court overruled said motion, its decision thereof was final, and as Kenneth Haworth did not appeal therefrom, he could not secure a second adjudication of his ownership of this property by pleading the same by way of a petition of intervention and again trying out the same issue. This question seems also to have been settled by a previous decision of this court, *Cox v. Allen*, 91 Iowa 462, where a motion was made to dissolve an attachment on the ground that the property was exempt. It was tried out in the justice court, and the motion was overruled. We there said:

"The adjudication is to the effect that it is not apparent of record that the attachment should not have been issued, or should not have been levied upon the property sought to be released by the motion. The debtor may, in another proceeding, insist that the property should not have been taken under the attachment, and recover, if he show the court or jury, by a preponderance of the evidence, that his claim is well founded. See *Rausch v. Moore,* 48 Iowa [611], 613. We are not to be understood as holding that issues of fact may not be determined on motion. It was said in *Lease v. Franklin,* supra [84 Iowa 413], that they may be so determined; and we are of the opinion that, had the adjudication alleged in the answer been sustained by the evidence, it would have been shown to be final and conclusive in this case. But the evidence introduced on that issue was not of a satisfactory character, and the jury was authorized to find that it was not sufficient to show the adjudication pleaded."

So in the case at bar, we are disposed to hold that the district court thought the evidence submitted in the case of such a character that it was right in finding it insufficient to show a former adjudication of this question. We more readily reach this conclusion because we do not have before us an abstract of the evidence taken on the original submission of the motion to dissolve, which was passed upon by Judge Bechly at a prior term of court.

IV. As to the appeal of Kenneth Haworth, with reference to the 60 acres of corn in the field, we have reviewed the evidence with care, and conclude that the ruling of the district court in relation thereto is right.

We find no error in the record.—*Affirmed.*

STEVENS, C. J., and EVANS, FAVILLE, DE GRAFF, and MORLING, JJ., concur.